Battle, J.
 

 There is not the slightest foundation for the defense attempted to be set up by the defendant. As the plaintiffs were employed by the executrix to advise and assist her in the probate of the will of the testator, and in the management of his estate, she became liable to them upon a
 
 quantum merwit
 
 in her individual, and not in her official capacity. Their claim against her could not be a debt of the testator, for, say the Court, in
 
 Hailey
 
 v.
 
 Wheeler,
 
 4 Jones’ Rep. 159, “it is not possible to conceive how a debt of the testator can be created by matter occurring wholly in the executor’s time. If an executor make an express contract in reference to- the- pro
 
 *427
 
 perty of the estate, as, if he employ one to cry the sale of the property, as auctioneer, this is not a debt of the testator.”— So, in the present case, the executrix having employed the plaintiffs as her attorneys and counsellers, though in relation to the business of the estate of her testator, the debt is hers, and she must pajr it, and if the disbursement be a proper one, she will be allowed a credit for it in the settlement of her account with the estate. This is common learning, and it is unnecessary to enlarge upon it, or cite any other authority in support of it.
 

 Pee Cueiam,
 

 Judgment affirmed.