ISAAC SMITH v. EASTERN BUILDING AND LOAN ASSOCIATION OF SYRACUSE.

*Action for Malicious Prosecution — Probable Cause—Burden of Proof—Malice.*

1. The discharge of a person arrested on a warrant by a justice of the peace for want of sufficient proof, casts the burden of showing probable cause for his arrest upon the person who instigated the criminal proceeding.
2. Where, in the trial of an action for malicious prosecution, it appeared that the defendant had in good faith consulted a lawyer of good standing, who, upon a frank and full statement of the alleged facts by one conversant with them, advised the prosecution, whereupon the defendant without personal malice caused the plaintiff to be arrested, it was error in the trial Judge to instruct the jury that such circumstances constituted probable cause. The instruction should have been that such circumstances did not rebut the *prima facie* case of plaintiff but should only be considered by the jury as evidence to rebut the implication of malice.

SMITH *v.* BUILDING AND LOAN ASSOCIATION.

CIVIL ACTION for damages, for malicious prosecution, tried before *Brown, J.,* and a jury, at Fall Term, 1894, of CRAVEN Superior Court. There was verdict for the defendant and refusal of a motion for a new trial. The plaintiff appealed. The facts and errors complained of appear in the opinion of Associate Justice MONTGOMERY.

*Mr. W. W. Clark,* for plaintiff (appellant).
*Mr. M. De W. Stevenson,* for defendants.

MONTGOMERY, J.: The plaintiff was arrested by the defendants on a warrant issued by a justice of the peace which charged him with forgery, and upon examination was discharged for want of probable cause. The plaintiff thereupon brought this action against the defendant to recover damages for a malicious prosecution of him. Upon the second issue, "Was there probable cause for the prosecution?" the Court told the jury "that if they believed that L. J. Moore was a lawyer and counselor of good standing, which is not disputed in the argument in this case, and Reynolds the general manager of the defendant went to Mr. Moore with Ward, and then and there Reynolds made a full, clear and frank statement of the matter, Ward's statement was taken after careful examination by the attorney, and they had reason to place confidence and trust in what Ward said and honestly believed it to be true, and that without any express malice upon the part of Reynolds towards Smith, but under Moore's advice the warrant was made out upon Ward's affidavit, that would be probable cause; the *prima facie* case resulting from the dismissal of the warrant would be rebutted, and it would be your duty to answer the issue yes." To this instruction the plaintiff excepted. The discharge of the plaintiff in the said criminal proceeding against him by the defendants made a *prima*

THURBER v. BUILDING AND LOAN ASSOCIATION.

*facie* case for the plaintiff, he standing after his discharge without even a suspicion against him strong enough to bind him over to court, and the dismissal by the justice proving a presumption in favor of plaintiff's innocence. This being so, the *onus* of proving the existence of probable cause was thrown on the defendants and His Honor should have so instructed the jury. His Honor should also have charged the jury that the employment by the defendant of an attorney before the warrant was issued and their following his advice, did not have the effect of rebutting the *prima facie* case of the plaintiff, but that it should be considered by them only as *evidence* to rebut the implication of malice (*Davenport* v. *Leach*, 51 N. C., 545) leaving that question, as well as the one of probable cause to be heard on all the facts and circumstances properly submitted to them.

There was error in the instruction complained of, and the plaintiff is entitled to a new trial.

New Trial.