R. L. HOLLOWELL v. THE SOUTHERN BUILDING AND LOAN ASSOCIATION.

*Action to Recover for Usurious Interest Paid— Usury—Building and Loan Association Loans.*

1. Any charges made by a Building and Loan Association against a borrowing member, in excess of the legal rate of interest, whether such charges are called "fines," "dues" or "interest," are usurious.

2. A borrower who has paid usurious interest may, under section 3836 of *The Code*, recover of the lender twice the amount of usurious interest so paid, notwithstanding he is *in pari delicto* in the transaction.

CIVIL ACTION, to recover twice the amount of usurious interest paid by plaintiff to defendant, Building and Loan Association. There was judgment for the plaintiff and defendant appealed.

*Mr. J. A. Barringer*, for plaintiff.
*Messrs. J. T. Morehead* and *Shaw & Scales*, for defendant (appellant).

FURCHES, J.: It is alleged in the complaint that the plaintiff borrowed of the defendant $1,000, which sum had been paid off and satisfied by plaintiff before the commencement of this action. That defendant charged plaintiff $5 as interest and $12 as dues, to be paid on the last Saturday in each month. That plaintiff continued to pay this interest and these dues, as required by the contract of loans, until the first of July, 1894, when he had paid the defendant $450.60. This left, as defendant contended, the sum of $730.97 which the plaintiff paid to the defendant—making the sum of $181.57 he had paid to defendant for the loan of $1,000 for 14 months and 21 days. Plaintiff then claims that he is entitled to recover of the defendant $363.14 —this being double the amount of interest paid by him to defendant association. To this complaint the defendant demurs. The court overruled the demurrer, gave judgment for plaintiff and defendant appealed.

This court has decided that whatever is collected over and above 6 per cent., whether called interest or "dues," is, in fact, interest and usurious. *Meroney* v. *B. & L. A.*, 116 N. C., 882; *Rowland* v. *B. & L. A.*, 115 N. C., 825; *Miller* v. *Ins. Co.*, 118 N. C., 612; *Roberts* v. *Ins. Co.*, 118 N. C., 429. That a member of the association may be a borrower from the association, and any charges made against him in excess of the lawful rate of interest, whether called fines, charges, dues or interest, are, in fact, interest and usurious. *Strauss* v. *B. & L. A.*, 117 N. C., 308; and 118 N. C., 556. Whenever more than the lawful rate of interest is charged it is usurious, and the party paying it may recover back from the party to whom it is paid double the amount of interest so paid by him. *Code*, Sec. 3638. If we follow the logic of these authorities the judgment must be affirmed.

The defendant cites us to the case of *Latham* v. *B. & L. A.*, 77 N. C., 145, as authority for sustaining the demurrer. That action was brought to recover back $92.04 wrongfully paid to the defendant through a mistake of fact. The court found that this money was not paid under a mistake of fact and that the plaintiff could not recover. And this court sustained the judgment below. So, it will be seen, that this case is clearly distinguishable from Latham's case, *supra*. It is true that, in the discussion of the case of Latham, there is an *obiter* that seems to be very much on the line of the defence in this case. But this *dictum* is not in harmony with the authorities cited above, if it should be construed to sustain the demurrer, and, if allowed, the construction contended for by defendant, it vitiates and renders void Section 3836 of *The Code*, as that dictum is put upon the ground that the courts will not lend their aid to parties in *pari delicto*, while the Statute (*Code*, Sec. 3836) expressly provides that a party who has so paid usurious interest (and is in *pari delicto*) may recover double the amount he has so paid. There is no error.

No Error.