A. M. CHEEK v. IRON BELT B. & L. ASSOCIATION.

(Decided March 27, 1900.)

*Money Loaned—Usury—Concurrent Papers—Construction—Interest—Intent.*

1. When a penal bond and deed of trust, referring to each other, were executed April 14, 1893, by the plaintiff to defendant to secure a loan of $1,000, the bond not specifying the rate of interest, but containing a proviso "that this contract shall not be construed in any manner to provide for more than the highest rate of interest allowed by the laws of the State of North Carolina," but the deed named the rate as 6 per cent, such was the rate to be charged, and to charge and receive 8 per cent was usurious.

2. At the date of the transaction the legal rate was 6 per cent, though as much as 8 per cent might be specially contracted for in writing. The two papers formed one transaction, are to be construed together, and fixed the rate agreed on to be 6 per cent.

3. Where usury is exacted and taken, all interest is thereby forfeited, and the debtor becomes only liable for the principal, and the borrowing member of a B. & L. Association who has paid usurious interest can recover twice the amount of such usurious interest so paid. In such case the legal consequences follow, irrespective of the question of intent.

CIVIL ACTION for the purpose (1) of having a deed of trust executed by plaintiff upon real estate declared satisfied; and (2) of recovering double the amount of alleged usury exacted, and paid to defendant.

The answer denied charging and receiving usurious interest; that it was entitled to receive 8 per cent interest upon the contract of loan, and contains a counterclaim for a balance still due, at that rate, from plaintiff.

The reply denied owing defendant anything, and alleged that 6 per cent interest was the rate agreed on.

The cause was submitted to *Brown, J.,* (jury trial waived) at October Term, 1899, of DURHAM Superior Court.

His Honor found and adjudged:

1. That the transaction is not usurious in that there is no purpose or intent to charge usury, and plaintiff is not entitled to any penalty.

(Plaintiff excepted.)

2. That in a settlement between plaintiff and defendant, the former is to be charged with actual money borrowed by him, to-wit, $1,000, as appears in said bond, marked "A," and 6 per cent interest according to face of the bond, from date borrowed, to-wit, April 14, 1893, and that plaintiff is to be credited with the sums paid by him at dates paid. Let judgment be entered accordingly.

(Defendant excepted.)

Judgment was so entered, and both plaintiff and defendant appealed. The point in contention in the case is:

What was the rate of interest agreed upon?

The plaintiff says 6 per cent. The defendant says 8 per cent.

The penal bond of plaintiff, marked "A," contained this proviso.

"*Provided,* That this contract shall not be construed in any manner to provide for more than the highest rate of interest allowed by the laws of the State of North Carolina for the use of any sum actually obtained from said association by A. M. Cheek."

The deed of trust on plaintiff's property, marked "B," specified the rate of interest as at 6 per cent.

Both instruments were executed on same day—April 14, 1893. and related to this same transaction, and referred to each other.

*Messrs. Winston & Fuller,* for plaintiff.
*Messrs. Manning & Foushee,* for defendant.

## PLAINTIFF'S APPEAL.

FURCHES, J.   The answer of the defendant in paragraph 6 admits that it has charged the plaintiff more than 6 per cent interest; that it has charged him 8 per cent, and that the amount of interest paid by the plaintiff is $79.   The defendant insists that under its contract with the plaintiff it had the right to charge him 8 per cent.   And this brings us to the only question necessary to be discussed in this appeal.

On the 14th day of April, 1893, the plaintiff entered into a penal bond in the sum of $2,000, to take twenty shares of defendant's stock, of the par value of $100 each, "ten of said shares being special advance stock, this day issued to A. M. Cheek."

In the condition to this bond, various amounts and sums are provided to be paid, as interest, premiums, etc., but no rate of interest is named.   But a proviso is added "that this contract shall not be construed in any manner to provide for more than the highest rate of interest allowed by the laws of the State of North Carolina."

On the same day (April 14, 1893), the plaintiff executed a deed in trust reciting the fact that the plaintiff has become a stockholder in its association to the amount of twenty shares of the par value each of $100, and that the plaintiff "has obtained an advance thereon of $2,000, for which he has executed his bond or obligation of even date herewith, conditioned for the payment of said sum to said association, at its home office in Roanoke, Va., * * * with interest at the rate of 6 per cent per annum."

These two papers were executed on the same day, are concurrent, and a part of the same transaction, and must be construed together.   It is, therefore, manifest that, as the rate of interest is not specified in the penal bond, the rate fixed in the

trust deed made to secure the money loaned is the rate of interest agreed upon, and the defendant can not legally charge more than 6 per cent. This being so, it only remains to apply the law, as recently held by this Court in several opinions: that any charge made by a building and loan association against a borrowing member of the association, in excess of the lawful rate of interest, is usurious, and the borrowing member who has paid such usurious interest can recover from such association twice the amount of such usurious interest so paid. *Hollowell v. So. B. & L. Asso.,* 120 N. C., 286.

Where usury is exacted and taken, all interest is thereby forfeited, and the debtor becomes only liable for the principal of the debt. *Smith v. Old Dominion B. & L. Asso.,* 119 N. C., 249.

At the date of this transaction, the legal rate of interest in North Carolina was 6 per cent, though as much as 8 per cent might be charged where it was specially contracted for. Code, sec. 3835. But it was just as usurious to exact and take 8 per cent interest when 6 per cent was agreed upon, as if the statute had not allowed 8, when specially agreed upon.

The defendant relies upon the proviso in the penal bond and a paragraph in the discussion of the case of *Meroney v. B. & L. Association,* 116 N. C., on p. 912. That was but an *obiter,* not necessary to be said to reach the conclusion at which the Court arrived. But it is not necessary for us to pass upon what is there said, as it does not apply to this case, as we have held that the parties here contracted for 6 per cent. The learned Judge below was probably misled by what is said in *Miller v. Life insurance Co.,* 118 N. C., 612, as to the intent of the defendant. But that discussion proceeds upon the idea that the usurious interest had not been paid, but that it might be exacted under that contract. There, the question of intent became material.

CHEEK *v.* B. & L. ASSOCIATION.

But that can not be the case where the usurious money *has been paid,* and an action is brought under the statute to recover it back, and where the defendant insists that he had not taken usury, as in this case.    There is error.

New trial.

DOUGLAS, J., dissents.

### DEFENDANT'S APPEAL IN SAME CASE.

FURCHES, J.    This appeal is disposed of by what is said in the plaintiff's appeal.

No error.