CHEEK v. IRON BELT BUILDING AND LOAN ASSOCIATION.

(October 30, 1900.)

*Usury—Action at Law—Suit in Equity—Interest.*

In an action to recover usurious interest, under The Code, sec. 3836, paid by plaintiff to defendant, it is not necessary for plaintiff to account to the defendant for the legal rate of interest, it being an action at law, not a suit in equity.

DOUGLAS, J., dissenting.

PETITION to rehear.   Dismissed.   Reported in 126 N. C., 242.

*Manning & Foushee,* for petitioner.
*Winston & Fuller,* in opposition.

FURCHES, J..  This case was here at the last term of the

Court, and is reported in 126 N. C., 242, and is here again on a petition to rehear. It is an action brought, under section 3836 of The Code, for usurious money paid by the plaintiff and received by the defendant. When it was here before, the principal matter discussed was the contract under which the money was loaned; the plaintiff contending that it meant 6 per cent, and defendant contending that it meant 8 per cent interest. That the defendant had charged the plaintiff, in giving him credit on the amounts paid by plaintiff, 8 per cent interest, was expressly admitted by defendant; and defendant filed a long itemized statement, commencing in April, 1893, and running to January, 1899, computing interest at 8 per cent, and crediting the plaintiff with the amounts paid by him, subject to such interest. We do not remember that it was seriously contended that defendant had not received usurious interest from the plaintiff, if it should be held that the contract was at 6 per cent. That was the ground upon which the defendant appealed; the Court having held it to be 6 per cent, as the rest of the judgment was in defendant's favor. But, be this as it may, we there held that, according to the defendant's admission in its answer, it had received usurious interest, and upon a review of the case we hold so now. But we understand the petition to rehear to be put upon a technical rule of practice, which the petitioner contends is sustained by this Court in the recent case of *Churchill v. Turnage,* 122 N. C., 426, and which the petitioner thinks the Court must have overlooked (though it was cited in defendant's brief), as it was not discussed in the opinion of the Court. It would not be entirely just to the Court to conclude that, because a case cited in the argument was not discussed in the opinion of the Court, it had been overlooked. To discuss every case cited would be to devolve upon the Court an endless task, without profit. But, as this case is called specially to our

attention—in fact, as the petition to rehear seems to rest almost entirely upon it—we have again carefully examined it, and are of the opinion, after such examination, that *Churchill v. Turnage* does not support the claim of the petitioner.   The case of *Churchill v. Turnage* was brought upon alleged frauds committed upon the plaintiff, in taking two notes and two mortgages for the same debt, for not applying payments made, and for charging usurious interest on certain claims the defendant held against the plaintiff, and for an account, and an injunction restraining the defendant from selling under his mortgages until the matter could be determined.   That would have been a suit in equity under the former practice, and is an equitable action now; and it was said by the Court in that case that, as the plaintiff had to go into a Court of Equity to get relief, he must do equity, and must account to the defendant for the legal rate of interest. But this case is not that case, nor is it like that case, in our opinion.   This case is purely an action at law given by the statute to recover of the defendant usurious interest paid by the plaintiff and received by the defendant, and charged by the defendant against the plaintiff at the rate of 8 per cent in giving the plaintiff credit for his payments.   It is claimed by some that such actions are inequitable, but, if they are, the Legislature is responsible, and not the Courts.   The decision of the Court in this case was reached by an examination of the facts of the case under the light of the recent case of *Smith v. Association,* 119 N. C., 249, and, finding the facts in this case almost identical with the facts in *Smith v. Association,* the law applicable in this case was the same as in that case.   It is true that the plaintiff asked that the note and mortgage be surrendered and cancelled.   But this was asked upon the ground that plaintiff alleged that he had paid off and discharged said note, principal and interest, at 6 per

cent. This prayer was but an incident to the allegation of payment, and had no bearing upon plaintiff's action for usurious interest. In *Smith v. Association, supra,* the defendant set up a counter-claim, being a balance due him on the note upon which the money was paid, and this claim was allowed, and the defendant association had a decree of foreclosure of the mortgage given to secure the claim. But the plaintiff was allowed to recover upon his claim of usury. In the argument of the case it was stated by counsel of petitioner that the complaint demanded an account, and that it was so held in the opinion of the Court. But upon examination it will be found that this is not the case. The complaint makes no such demand, and there were no grounds to base an account upon, as all the facts with regard to the payment by the plaintiff and receipts by the defendant were admitted by the answer, and set out in its schedule, made a part of the answer. Neither did the Court style it an action for account and settlement. It is true that the reporter in his statement of the case says: "Civil action for the purpose (1) of having a deed of trust executed by plaintiff upon real estate declared satisfied." This, as it will be seen, was the work of the reporter, and not of the Court. But we admit that it was natural, and not improper, for the reporter to say this, from allegations contained in the complaint. But this does not affect the right of plaintiff to bring and maintain this action. And upon an examination of the facts and the opinion of the Court in *Smith v. Association,* and the facts and the opinion of the Court in this case, it will be seen that, if this case can not stand, *Smith v. Association,* 199 N. C., 249, should be overruled.

The petition is dismissed.

DOUGLAS, J., dissents.