## TAYLOE v. PARKER.

(Filed February 28, 1905).

*Usury—Code, sec. 3836—What Recoverable—Estoppel.*

1. In an action brought to recover twice the amount of interest paid, under section 3836 of The Code, the plaintiff is entitled to recover back double the entire interest paid at the time of the usurious transaction, and not merely double the usurious excess, provided it occurred within two years before action brought.

2. A debtor is not entitled to recover anything on account of a distinct payment of interest, within two years, which is not tainted with usury.

3. In an action to recover usurious interest, it is immaterial whether the debtor solicited an extension of time upon his own suggestion of a bonus or whether the creditor suggested the usury.

ACTION by Lee Tayloe against C. W. Parker, heard by *Judge W. A. Hoke* and a jury, at the Fall Term, 1904, of the Superior Court of HERTFORD County. From a judgment in favor of plaintiff for less than the sum demanded, he appealed.

*George Cowper* and *Pruden & Pruden,* for the plaintiff.
*Winborne & Lawrence,* for the defendant.

CLARK, C. J. The plaintiff was indebted by bond in the sum of $580. In January, 1895, the defendant, at the plaintiff's request, purchased the bond from the obligee therein upon the plaintiff's payment to defendant of all interest then accrued and a bonus of about $35 for further extension. In January, 1896, the legal interest then due was paid. On 20 March, 1899, the defendant again extended the debt upon payment of the sum of $156.04, which included $50 usury, the interest due to that date at 6 per cent. being

$106.04. On 4 February, 1901, the defendant again extended payment upon receipt of $63, being the amount of interest then due. This is an action to recover back double the above sum under The Code, sec. 3836, which provides that when a greater interest than 6 per cent. has been paid, the debtor or his legal representative "may recover back in an action in the nature of an action of debt twice the amount of interest paid; provided, such action shall be commenced within two years from the time the usurious transaction occurred."

The payment of usury in 1895 was beyond the two years prior to the beginning of this action, which was instituted on 4 March, 1901, and need not be considered. It would be otherwise under chapter 69, Laws 1895, but that statute by its terms does not apply to this case, as the bond was executed before its passage. The two-year statute was pleaded, and even if it had not been pleaded, the defendant was entitled to its protection. *Roberts v. Ins. Co.,* 118 N. C., 435; *Carter v. Insurance Co.,* 122 N. C., 339. The payment of $63 was within two years but not a "usurious transaction," only the legal interest then due being paid. This case differs from *Roberts v. Insurance Co., supra,* where the Court gave judgment for double the entire interest paid in two years before suit, in that here there was no usury other than the payment of 20 March, 1899. The $63 payment was a separate transaction and not usurious.

The payment of $156.04 on 20 March, 1899, was a usurious transaction, for the legal interest then due was only $106.04, and it occurred within two years before this action was brought. Under the clear terms of the statute the plaintiff is entitled to recover back double the entire interest paid at that time, *i. e.,* $312.08, not merely double the usurious excess. *Smith v. B. & L. Asso.,* 119 N. C., 255; Laws 1895, chap. 69; *Cheek v. B. & L. Asso.,* 127 N. C., 121.

The evidence is conflicting whether the debtor solicited the extension of time upon his own suggestion of a bonus, or whether the creditor suggested the usury. Besides, it is immaterial. *Faison v. Grandy,* 126 N. C., 830. The payment of more than legal interest was in either case caused by the debtor's necessity, and the law-making power has forbidden it under a penalty deemed by it heavy enough to discourage such transactions by making them unprofitable. The terms of the statute are identical with those used in the U. S. Revised Statutes, sec. 5198, in reference to usury by National banks, to which the Federal Courts give the same construction placed on our statute.

Usury laws have prevailed among all nations, whether "Greek or Barbarian." 29 Am. & Eng. Ency. (2 Ed.), 453. At common law the taking of any interest was punishable. 16 Am. & Eng. Ency. (2 Ed.), 991. Among the Hebrews it was forbidden as to their brethren, but was not forbidden as to Gentiles. Deuteronomy xxiii. 19, 20. A very interesting discussion of the origin and history of usury legislation will be found in *Dunham v. Gould,* 16 Johns., 367, by *Chancellor Kent* (8 Am. Dec., 323). In New York the charging interest in excess of 6 per cent. in certain cases is still an indictable offense under a recent statute. The whole subject of usury is a matter of public policy resting in legislative discretion, and the courts have no concern save to execute the law as it is written. The charge of the Court that the plaintiff could recover only $100, *i. e.,* double the excess of interest paid 20 March, 1899, was contrary to the statute, which authorized the recovery of double the entire interest paid at the time of the usurious transaction, and was

Error.

HOKE, J., took no part in the decision of this case.