P. S. WHISNANT v. V. V. PRICE, ADMINISTRATRIX OF C. C. GETTYS.

(Filed 22 May, 1918.)

1. Usury—Executors and Administrators.

No action for usury will lie against the estate of a deceased person unless such has been received by the deceased in his lifetime; and the penalty is not enforcible against it for such as may only have been received

by his personal representative in administering his affairs after his death, but only against the administrator in his personal character.

2. **Judgments—Bills and Notes—Collateral Security—Cash Payments—Principal and Surety.**

In an action against an administrator to cancel a note, the plaintiff had given to the intestate, it appeared that the intestate debt to another payment of the plaintiff's debt to another, and had taken the note secured by a mortgage as collateral security, together with a certain sum of money. The intestate paid the debt, applying the money thereto, *Held,* a judgment was properly ordered in the defendant's favor for the difference between the amount of the cash payment and the actual amount of the indebtedness which the intestate had paid.

WALKER, J., dissenting in part; CLARK, C. J., concurs in the dissent.

APPEAL from *Ferguson, J.,* at October Term, 1917, of RUTHERFORD, upon exceptions to referee's report.

The court reformed the report in some respects, made findings of fact, and rendered judgment. Both parties excepted and appealed.

*H. C. Elliott and R. S. Eaves for plaintiff.*
*W. C. McRovie and Quinn, Hamrick & Harris for defendant.*

PLAINTIFF'S APPEAL.

BROWN, J. This action is brought to secure the cancellation of two notes, one for $1,500 and one for $900, given by plaintiff to C. C. Gettys, defendant's intestate, and secured by mortgages on plaintiff's lands. The plaintiff prays "for an accounting; for judgment for such penalties as may be due him on account of usurious interest charged and paid; the cancellation of his papers now held by the estate of the said C. C. Gettys," etc.

The only question presented on plaintiff's appeal relates to the receiving of usurious interest by the administrator after the death of his intestate, C. C. Gettys. It is admitted that no usurious interest was received by Gettys during his lifetime on either of the notes. Counsel for plaintiff admit they are unable to find any authority in this State to the effect that an intestate's estate can be penalized for usury charged and received by the administrator and they cite none from other States.

The uniform rule is that no action will lie against a personal representative of a deceased person except upon some claim which existed against the deceased in his lifetime. For a claim or demand accruing wholly in the time of the administration, the administrator is liable only in his personal character.

The Court of Appeals of New York considered the subject in *Fellows v. Longyon,* 91 N. Y., 324, and declared substantially that if usurious

interest is charged by a guardian, an action will not lie against the wards' estate, but that the same must be brought against the guardian individually. There is a good reason for this law. . . . The estates of infants and persons who have no control or management thereof are always under the control of the court, and the administrator or executor being an officer of the court, it is their duty in every way to preserve the estate and abide the law, and a failure to do so is a *devisavit* for which the administrator and his bondsmen only are liable.

In *Malone v. Davis,* 67 Cal., 279, the Court uses the following language: "Nothing is better settled than that an executor or administrator is not answerable in his official character for any cause of action that was not created by the act of the decedent himself. In actions against the personal representative on his own contract and engagements, though made for the benefit of the estate, the judgment is *de bonis propriis,* and he is, by every principle of legal analogy, to answer it with his personal property." 39 Cyc., 1090; *Eustace v. Johns,* 38 Cal., 3.

Upon plaintiff's appeal, we conclude that the assignments of error cannot be sustained.

### DEFENDANT'S APPEAL.

The defendant excepts because the judge refused to render judgment for the full amount of the $1,500 note with interest thereon from its date, December, 1910. The court rendered judgment for $838 on that note with interest, and also for the full amount of the $900 note and interest, less the credits recited in the eighth finding of the referee's report, which were payments made as interest to the administrator.

We see no error in this ruling, and it is not necessary to invoke the principle laid down in *Churchill v. Turnage,* 122 N. C., 426, and in *Owen v. Wright,* 161 N. C., 129, to support it, as the usurious interest was not received by the intestate but by his administrator.

The facts are that plaintiff owed one Ponder a debt which the defendant's intestate agreed to settle for plaintiff. To secure him, plaintiff paid the intestate $455 in cash, and as security deposited with him the $1,500 note and mortgage. The Ponder debt turned out to be $1,293, which the intestate paid for plaintiff, using the $455 for that purpose. This left the sum of $838 due the intestate by plaintiff, with interest.

Under the ruling of the court the estate of the intestate is credited with all the money paid out for plaintiff with interest and is charged with all the payments made to the administrator since intestate's death. It is admitted that nothing was ever paid to him. We see nothing in this of which defendant can justly complain.

Affirmed.

WALKER, J., dissenting in part: I agree that plaintiff cannot recover the penalties for usury. The administrator and not intestate received the usurious interest, and the latter's estate is not responsible for what the administrator did after his death. It was the personal act of the administrator, and not done in his representative capacity so as to charge the estate with liability. *Devane v. Royal,* 52 N. C., 426; *Tyson v. Walston,* 83 N. C., 91, in the second of which cases it is said that "no executor can be subjected in his representative capacity on any demand created or originated wholly after the death of his testator or intestate." The principle stated in *Devane v. Royal, supra,* has been reiterated by this Court and that case cited with approval, and as recently as *Craven v. Munger,* 170 N. C., 424, and *Cropsey v. Markham,* 171 N. C., 43. The act of receiving the excessive interest is necessary to subject any one to the payment of the penalty for usury, but I do not agree that the defendant is entitled to recover any interest on the debt. In order to incur a forfeiture of interest, it is only necessary that it be *charged* or *reserved.* As the notes contained a reservation of unlawful interest, they became noninterest-bearing, and any payments made upon them should have gone to the reduction of the principal, as they were not in law credits on the interest. *Smith v. B. & L. Asso.,* 116 N. C., 73-102; *Cheek v. B. & L. Asso.,* 126 N. C., 242. It is said in *Smith v. B. & L. Asso., supra:* "The court properly held, in the very words of the statute, that the defendant had forfeited all interest upon the debt. In legal effect 'the contract is simply a loan of money bearing no interest,' and all payments are to be credited on the principal (*Moore v. Beaman,* 112 N. C., 558; *Ward v. Sugg,* 113 N. C., 489; *Fowler v. Trust Co.,* 141 U. S., 384, 406), and in addition if the lender accepted such payments of usurious interest the borrower is given a right of action to recover back double the amounts thus extorted within the two years before action brought. *Roberts v. Insurance Co.,* 118 N. C., 429. The statute makes the charging or contracting for usury a forfeiture of all interest, and in addition its actual acceptance is visited with the penalty of recovering back twice the amount paid." In the accounting to ascertain what is due, therefore, no credit should be given for any interest, and all payments should be applied in reduction of the principal, and the clear balance resulting from this settlement is all to which defendant is entitled to recover.

So far as the opinion of the Court conflicts with the views expressed by me in *Owen v. Wright,* 161 N. C., 129, and *Corey v. Hooker,* 171 N. C., at p. 232, it does not have my concurrence. If defendant is allowed to have judgment for the debt, the statute, which denies a recovery of interest, applies. *Cuthbertson v. Bank,* 170 N. C., 531.