## J. H. ALLEN v. C. C. ARMFIELD.

(Filed 4 November, 1925.)

APPEAL by plaintiff from *Calvert, J.,* at March Term, 1925, of ALAMANCE.

At the close of the plaintiff's evidence, the defendant's motion for judgment of nonsuit was allowed. Reversed.

*Carroll & Carroll for plaintiff.*
*Swink, Clement & Hutchins and Parker & Long for defendant.*

PER CURIAM. The plaintiff alleged that in 1920 he rented land from the defendant for the purpose of cultivating a crop of tobacco and set out with particularity all the terms of the renting. He offered evidence in support of his allegations; but on the cross-examination in answer to the question whether he understood the defendant had charge of the land and rented it as administrator he said, "That is what everybody told me—to go to him; everybody told me he had charge of it as administrator and was renting it as such." This testimony, we presume, led his Honor to the conclusion that the plaintiff could not prevail because he had contracted with the defendant in his representative capacity and had sought to enforce against him a personal liability. In this, there was error. As administrator, the defendant had no control over the land, and if acting as an agent he made no disclosure of his principal. Besides, a personal representative is not answerable in his official character for a cause of action not created by the decedent. As the Court said in *Whisnant v. Price,* 175 N. C., 611, the uniform rule is that no action will lie against the personal representative of a deceased person except

upon some claim which existed against the deceased in his lifetime and for a claim accruing wholly in the time of the administration, the administrator is liable only in his personal character. *Snipes v. Monds, ante,* 190.

The judgment is
Reversed.