WAYNE SHEPARD AND ROSEMARY SANDERS SHEPARD v. OCWEN FEDERAL BANK, FSB, AND WELLS FARGO BANK MINNESOTA, AND DONALD T. RITTER, IN HIS CAPACITY AS TRUSTEE

No. 476A05

(Filed 20 December 2006)

## Usury; Unfair Trade Practices— second mortgage—usurious origination fee—expiration of statute of limitations

The trial court did not err by granting defendants' motions to dismiss based on expiration of the applicable statutes of limitations for plaintiffs' causes of action nearly five years after closing on a second mortgage loan asserting usury law violations under Chapter 24 of the North Carolina General Statutes and unfair and deceptive trade practices under N.C.G.S. § 75-1.1, because: (1) the statutes of limitations began to run on these claims at the closing of the loan when the fee in dispute was paid; (2) although plaintiffs did pay a usurious origination fee in excess of two percent of the loan's value in violation of N.C.G.S. § 24-14(f), the statute of limitations necessitated that plaintiffs file their claim within two years of paying the fee at closing; (3) the manner in which the origination fee was or could have been paid at closing almost five years before plaintiffs filed their complaint is irrelevant and cannot support extension of the statute of limitations on plaintiffs' claims for usurious origination fees; (4) the entirety of the origination fee was paid at closing, and not piecemeal as part of the loan payments; (5) no usurious fees have been charged or paid since closing on 25 July 1997, and thus, the statute of limitations on plaintiffs' usury claim expired nearly three years before plaintiffs' complaint was filed on 3 May 2002; and (6) the expiration of the applicable four-year statute of limitations under N.C.G.S. § 75-16.2 bars plaintiffs' unfair and deceptive trade practices claim when plaintiffs have conceded that their unfair and deceptive trade practices claim is derived from their usury claim.

Justice TIMMONS-GOODSON dissenting.

Justices MARTIN and EDMUNDS joining in the dissenting opinion.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 172 N.C. App. 475, 617 S.E.2d 61 (2005), affirming an order granting defendants' motions to dis-

SHEPARD v. OCWEN FED. BANK

[361 N.C. 137 (2006)]

miss entered on 8 July 2004 by Judge Charles H. Henry in Superior Court, New Hanover County. Heard in the Supreme Court 16 March 2006.

*Hartzell & Whiteman, LLP, by J. Jerome Hartzell, for plaintiff-appellants.*

*Kellam & Pettit, P.A., by William Walt Pettit, and Kilpatrick Stockton LLP, by Adam H. Charnes, for defendant-appellees.*

*North Carolina Justice Center, by Carlene McNulty, for North Carolina Justice Center, Legal Aid of North Carolina, Inc., Legal Services of Southern Piedmont, Inc., Pisgah Legal Services, Legal Aid Society of Northwest North Carolina, North Carolina Academy of Trial Lawyers, and Center for Responsible Lending, amici curiae.*

BRADY, Justice.

The issue presented is whether the applicable statutes of limitations bar plaintiffs' causes of action asserting (1) usury law violations under Chapter 24 of the North Carolina General Statutes and (2) unfair and deceptive trade practices, derived from the usury claims, under section 75-1.1. We hold that the statutes of limitations began to run on these claims at the closing of the loan when the fee in dispute was paid, and therefore plaintiff's claims are barred.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Wayne Shepard and Rosemary Sanders Shepard obtained a second mortgage loan, with a closing date of 25 July 1997, from Chase Mortgage Brokers, Inc. (Chase) in the amount of $16,500.00 and executed a deed of trust on their residential real property to secure the loan. Chase charged plaintiffs a loan origination fee of $1,485.00, which amounts to nine percent of the loan. This origination fee was deducted from the loan proceeds ultimately disbursed to plaintiffs. Chase later assigned the loan to defendant Ocwen Federal Bank, FSB (Ocwen) and Ocwen then assigned the loan to Wells Fargo Bank Minnesota, N.A. (Wells Fargo).

On 3 May 2002, nearly five years after closing, plaintiffs initiated litigation against defendants, alleging in their complaint that the origination fee was impermissible under North Carolina law. Plaintiffs' complaint asserted that the origination fee violated Chapter 24 of the North Carolina General Statutes and N.C.G.S. § 75-1.1, that the loan

should be reformed, and requested treble damages and counsel fees. Defendant Donald T. Ritter, the trustee of the original deed of trust, was joined for purposes of the reformation claim.[1]

Ocwen and Wells Fargo made motions to dismiss plaintiffs' complaint for failure to state a claim, asserting the actions were time barred by the applicable statutes of limitations. On 25 June 2004 the trial court granted both motions to dismiss because "the applicable statute of limitation on both claims for relief had expired prior to the institution of this action." Plaintiffs appealed the granting of the motions to the Court of Appeals, which, in a divided opinion, affirmed the trial court's order. Plaintiffs appealed as of right to this Court.

## ANALYSIS

On review of a motion to dismiss, we determine

> whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. In ruling upon such a motion, the complaint is to be liberally construed, and the trial court should not dismiss the complaint unless it appears beyond doubt that [the] plaintiff could prove no set of facts in support of his claim which would entitle him to relief.

*Meyer v. Walls*, 347 N.C. 97, 111-12, 489 S.E.2d 880, 888 (1997) (brackets in original) (citations and internal quotation marks omitted).

"A statute of limitations defense may properly be asserted in a Rule 12(b)(6) motion to dismiss if it appears on the face of the complaint that such a statute bars the claim." *Horton v. Carolina Medicorp, Inc.*, 344 N.C. 133, 136, 472 S.E.2d 778, 780 (1996). "Once a defendant raises a statute of limitations defense, the burden of showing that the action was instituted within the prescribed period [rests] on the plaintiff. A plaintiff sustains this burden by showing that the relevant statute of limitations has not expired." *Id.* (citations omitted).

Chapter 24 of the General Statutes governs lending transactions by setting maximum rates for interest and other fees and charges. Plaintiffs assert Chase charged a usurious origination fee in violation of N.C.G.S. § 24-14(f), which limits fees for certain secondary real

---

1. Donald T. Ritter failed to answer plaintiffs' complaint and default judgment was entered against him on 9 September 2002.

property loans to a maximum of two percent of the loan amount. N.C.G.S. § 24-14(f) (2005). The statute of limitations for a claim under the usury statutes is two years. *Id.* § 1-53(2), (3) (2005). Thus, plaintiffs are required to show that within two years of filing their complaint defendant charged or plaintiffs paid a usurious fee. Plaintiffs cannot do so, and as a result the statute of limitations bars plaintiffs' claims.

It appears plaintiffs did pay a usurious origination fee in excess of two percent of the loan's value. However, the statute of limitations necessitated that plaintiffs file their claim within two years of paying the fee at closing. Attempting to circumvent the statute of limitations, plaintiffs argue that by paying the fee charged at closing out of loan proceeds they essentially rolled the fee into the loan and are paying part of the usurious fee each time they make a loan payment. Therefore, plaintiffs assert they are entitled to recover for any partial payments of the usurious fee they made within two years of filing their complaint plus all partial payments of the usurious fee made since the filing of the complaint.

Plaintiffs' argument is not sound. The origination fee was not added to the loan amount, but was deducted from the proceeds that plaintiffs received after they obtained their loan. All the fees in question were "fully earned" when the loan was made, N.C.G.S. § 24-14(f), and were charged, paid, and received at closing as a prerequisite for obtaining the loan. Although plaintiffs could have paid the origination fee by cash, check, or credit card, they opted to have the full amount of the fee subtracted from the proceeds they received at closing. Regardless of the manner in which the origination fee was or could have been paid, plaintiffs' monthly payments were and are calculated solely based on the principal and interest on a $16,500.00 loan for a fifteen year term. The manner in which the origination fee was or could have been paid at closing almost five years before plaintiffs filed their complaint is irrelevant and cannot support extension of the statute of limitations on plaintiffs' claims for usurious origination fees.

Although not controlling upon this Court, federal case law interpreting North Carolina's usury statutes reaches the same conclusion. *See Faircloth v. Nat'l Home Loan Corp.*, 313 F. Supp. 2d 544, 553 (M.D.N.C. 2003) (mem.), *aff'd per curiam*, 87 F. App'x 314 (4th Cir. 2004) (unpublished). In a case with facts similar to the case *sub judice*, the court in *Faircloth* held that the statute of limitations

began to run at closing because "all the 'actions' Plaintiff attributes to [defendants] are but one action which occurred at the closing of Plaintiff's loan rather than a series of wrongs perpetrated continually." *Id.*

The cases on which plaintiffs rely do not overcome the fatal flaw in their argument. The loans in *Henderson v. Security Mortgage & Finance Co.* and *Hollowell v. Southern Building & Loan Ass'n* were subject to statutory limitations on interest rates, not origination fees. *Henderson*, 273 N.C. 253, 263, 160 S.E.2d 39, 46-7 (1968); *Hollowell*, 120 N.C. 196, 197-98, 120 N.C. 286, 287, 26 S.E. 781, 781 (1897). In these two cases, this Court made clear that lenders cannot subvert statutory limits on interest by requiring "dues" or "commissions" to be paid as part of the loan payments. *Henderson*, 273 N.C. at 263, 160 S.E.2d at 47; *Hollowell*, 120 N.C. at 197, 120 N.C. at 287, 26 S.E. at 781. In the case *sub judice*, the entirety of the origination fee was paid at closing, not piecemeal as part of the loan payments.

*Swindell v. Federal National Mortgage Ass'n* is equally inapplicable. 330 N.C. 153, 409 S.E.2d 892 (1991). In *Swindell*, this Court concluded that a usurious late payment fee constituted interest charged on the separate loan transaction of forbearance in collecting a payment due. *Id.* at 158, 409 S.E.2d at 895. Because the usurious late payment fee represented interest on a second loan, the lenders forfeited their right to the late payment fee, but did not forfeit their right to interest charged on the original loan. *Id.* at 160, 409 S.E.2d at 896. Significantly, in *Swindell*, the plaintiffs filed their complaint for declaratory judgment within two years of the late fee assessment, and a statute of limitations defense was not raised by the defendants. *Id.* at 155-56, 409 S.E.2d at 893-94.

Because no usurious fees have been charged or paid since closing on 25 July 1997, the statute of limitations on plaintiffs' usury claim expired nearly three years before plaintiffs' complaint was filed on 3 May 2002. The trial court properly granted Ocwen's and Wells Fargo's motions to dismiss for failure to state a claim upon which relief could be granted.

Likewise, the expiration of the applicable four-year statute of limitations bars plaintiffs' unfair and deceptive trade practices claim. *See* N.C.G.S. § 75-16.2 (2005). Plaintiffs have conceded that their unfair and deceptive trade practices claim is derived from their usury claim. Therefore, because we hold that this claim accrued at closing, the trial court properly dismissed plaintiffs' complaint on this issue.

Accordingly, we conclude the trial court correctly granted Ocwen's and Wells Fargo's motions to dismiss because plaintiffs' claims were barred by the applicable statutes of limitations. We therefore affirm the judgment of the Court of Appeals.

AFFIRMED.

Justice TIMMONS-GOODSON dissenting.

Plaintiffs have demonstrated, and the majority agrees, that the loan origination fee plaintiffs were charged is indeed usurious under North Carolina law. Plaintiffs' loan was for $16,500, to be repaid over 180 months. Plaintiffs were charged a loan origination fee of $1485, which amounts to nine percent of the loan. This fee was financed as part of the mortgage loan. N.C.G.S. § 24-14(f) provides, in pertinent part:

> [T]he lender may include in the principal balance fees or discounts not exceeding two percent (2%) of the principal amount of the loan less the amount of any existing loan by that lender to be refinanced, modified or extended.

N.C.G.S. § 24-14(f) (2005). This section applies to loans which meet the following criteria:

(1) Secured in whole or in part by a security instrument on real property, other than a first security instrument on real property; and

(2) The principal amount of the loan does not exceed twenty-five thousand dollars ($25,000); [and]

(3) The loan is repayable in no less than six nor more than 181 successive monthly payments, which payments shall be substantially equal in amount.

*Id.* § 12-12 (2005). Plaintiffs' loan clearly meets these requirements. Therefore, the loan origination fee charged in conjunction with plaintiffs' loan is usurious under N.C.G.S. § 24-14(f). Moreover, for loans of less than $300,000, including plaintiffs' loan, any fee or interest imposed by a lender that is not affirmatively permitted by Chapter 24 or Chapter 53 of the General Statutes is prohibited by N.C.G.S. § 24-8(a).

The majority holds that the statute of limitations for claims of usury violations under the facts in the instant case accrued on the

closing date of the loan. In reaching that conclusion, the majority adopts the reasoning in *Faircloth v. National Home Loan Corp.*, 313 F. Supp. 2d 544 (M.D.N.C. 2003), *aff'd per curiam*, 87 Fed. App'x 314 (4th Cir. 2004) (unpublished), a federal case in which the plaintiff argued the identical theory that plaintiffs present in the instant case. Federal decisions, with the exception of the United States Supreme Court, are not binding upon this Court. *See State v. McDowell*, 310 N.C. 61, 74, 310 S.E.2d 301, 310 (1984) (State courts should treat "decisions of the United States Supreme Court as binding and accord[] to decisions of lower federal courts such persuasiveness as these decisions might reasonably command."). I disagree with the rationale in *Faircloth*, and therefore with the majority, for the reasons which follow.

"It is the paramount public policy of North Carolina to protect North Carolina resident borrowers through the application of North Carolina interest laws." N.C.G.S. § 24-2.1 (2005). "Our courts do not hesitate to look beneath the forms of the transactions alleged to be usurious in order to determine whether or not such transactions are in truth and reality usurious." *Kessing v. Nat'l Mortgage Corp.*, 278 N.C. 523, 531, 180 S.E.2d 823, 828 (1971) (citations omitted). As this Court stated in *Henderson v. Security Mortgage and Finance Co.*, " 'A profit,' greater than the lawful rate of interest; intentionally exacted as a bonus for the loan of money, . . . is a violation of the usury laws, it matters not what form or disguise it may assume.' " 273 N.C. 253, 263, 160 S.E.2d 39, 46 (1968) (quoting *Doster v. English*, 152 N.C. 325, 237, 152 N.C. 339, 341, 67 S.E. 754, 755 (1910)).

I would hold that plaintiffs' usury claim is not time-barred. Because plaintiffs' usurious loan origination fee was financed and added to their mortgage loan, plaintiffs have paid usurious interest with each monthly mortgage payment. This conclusion comports with our view in *Henderson v. Security Mortgage & Finance Co.*, 273 N.C. 253, 160 S.E.2d 39 (1968), which holds that "[t]he right of action to recover the penalty for usury paid accrues upon each payment of usurious interest when that payment is made." *Id.* at 264, 160 S.E.2d at 47. In the instant case, plaintiffs' monthly payment is $219.63. This payment amount includes the usurious nine percent origination fee. If plaintiffs had been charged a non-usurious origination fee of two percent, their monthly payment would have been $203.86. Accordingly, plaintiffs are paying usurious interest every month. Therefore, following *Henderson*, plaintiffs' claim is not barred.

Further support can be found for my position in the Internal Revenue Service's treatment of financed fees. As a matter of economic reality, the Internal Revenue Service recognizes that fees that are financed are not paid at closing. Specifically, the United States Tax Court has determined that financed fees cannot be deducted as part of the interest on a home mortgage in the year the loan is made. *See, e.g., Schubel v. Comm'r,* 77 T.C. 701, 704-07 (1981). Instead, such fees must be deducted over the life of the loan. *Id.* This treatment reflects the reality of the present plaintiffs' situation. Plaintiffs have made and continue to make payments that include interest for the alleged usurious loan origination fee.

For the foregoing reasons, I would hold that plaintiffs' claim for twice the amount of interest paid within two years of the filing of the complaint is not barred by the statute of limitations. Accordingly, I respectfully dissent.

Justices MARTIN and EDMUNDS join in this dissenting opinion.