## J. S. DEAN v. TOM MATTOX.

### (Filed 6 May, 1959.)

**1. Money Received § 1:     Vendor and Purchaser § 26—**

Where it is established by the verdict upon supporting evidence that the seller's agent pointed out certain timber as standing upon the seller's land, and that the purchase price was based upon the timber so shown, but that, by mistake, a part of the timber shown was on the land of an adjacent owner and therefore was not conveyed by seller's timber deed, the purchaser, irrespective of fraud, is entitled to recover that proportion of the purchase price represented by the timber standing on the adjacent land on the basis of money had and received.

**2. Same—**

Where, in negotiations for the purchase of timber, defendant's agent points out certain timber as standing on defendant's land, but, by mistake, a part of the timber shown is on the land of an adjacent owner, and after the timber shown is cut, plaintiff is required to pay a sum to reimburse the owner of the adjacent land for the timber cut therefrom, plaintiff's recovery from defendant is limited to the amount paid to the owner of the adjacent land.

**3. Same:     Estoppel § 4—**

Where, in the negotiations for the purchase of timber, the seller's agent points out certain timber as standing on defendant's land, but, by mistake, a part of the timber shown is actually on land of an adjacent tract, the fact that the purchaser, in reliance upon the representation that all of the timber stood upon the seller's land, has his own attorney prepare the timber deed from the description of the land owned by the seller does not estop the purchaser from suing for the deficiency as money had and received, since nothing in the deed indicated that the timber in controversy was not in fact on the seller's land, and the doctrine of *caveat emptor* is not applicable.

**4. Judgments § 17d—**

Where the jury renders verdict in a stipulated sum for the amount plaintiff was forced to pay in reimbursement for timber cut from the lands of an adjacent owner, which, through *mutual mistake,* the parties thought was included in the timber purchased by plaintiff from defendant, judgment awarding interest on the verdict from the date of the payment by plaintiff is proper under the circumstances.

APPEAL by defendant from *Olive, J.,* October-November Term, 1958, of UNION.

Civil action to recover money paid by plaintiff to defendant under alleged mutual mistake of fact.

By deed dated December 4, 1956, defendant conveyed to plaintiff, his heirs and assigns, "all pine and poplar saw timber" on a 176.1-acre tract of land in Paw Creek Township, Mecklenburg County, "shown by a survey prepared by I. B. Faires, R.S., October, 1949,"

bounded on the west by the Catawba River, on the north by the land of Duke Power Company and others, etc. The deed recites a consideration of "Ten Dollars and other good and valuable considerations."

Plaintiff paid to defendant the sum of $12,000.00.

The controversy relates to timber in the area where the north line of the 176.1-acre tract adjoins land owned by Duke Power Company.

Plaintiff alleged that the timber in controversy was specifically pointed out by defendant's agent as standing on the 176.1-acre tract and as included in defendant's proposed sale to plaintiff; that plaintiff and defendant agreed upon the price of $12,000.00 in the mistaken belief that this was true; that the timber in controversy was not on the 176.1-acre tract but on land owned by the Duke Power Company; that on or about January 2, 1957, plaintiff sold, or attempted to sell, the timber he had purchased from defendant, including that on the Duke Power Company's land, to the Rocky River Lumber Company, which cut and removed all of said timber; and that plaintiff had paid the Rocky River Lumber Company $2,250.00 to indemnify it on account of its payment of damages in that amount to Duke Power Company for the wrongful cutting and removal of timber from the Duke Power Company land. Plaintiff prayed that he recover of defendant the sum of $2,250.00, the alleged value of the timber he paid for but did not get, with interest from July 29, 1957, and costs.

Answering, defendant denied that his agent had pointed out the timber on the Duke Power Company's land as timber included in the proposed sale to plaintiff and defendant denied all allegations as to mutual mistake. For a further defense, based on facts referred to in the opinion, defendant alleged that plaintiff was estopped to recover herein on the ground of alleged mutual mistake or otherwise.

The court submitted, and the jury answered, these issues: "1. Was timber growing on the property of the Duke Power Company by mutual mistake of the parties included in the purchase price paid by plaintiff to the defendant in the purchase of the timber on the 176-acre tract of land described in the Complaint? ANSWER: Yes. 2. What amount, if any, is the plaintiff entitled to recover of the defendant? ANSWER: $2,250.00."

Thereupon, the court adjudged that plaintiff have and recover of defendant the sum of $2,250.00 with interest thereon from July 29, 1957, and that defendant pay the costs.

Defendant excepted and appealed, assigning errors.

*Smith & Griffin for plaintiff, appellee.*
*Coble Funderburk for defendant, appellant.*

BOBBITT, J. Appellant, in his brief, presents three questions, viz.: 1. "Was the plaintiff estopped to rely upon an oral description and to deny a description by metes and bounds, as shown in a plat of the 176.1 acres of land, upon which the timber conveyed to him lay, when he had the plat and carried it, with the defendant's Option to Purchase said lands, to his own attorneys who drew the timber deed, which timber deed referred to the plat?" 2. If not, did the court err "in refusing to submit the question of estoppel to the jury?" 3. Did the court err "in adding interest to the amount to be recovered under the judgment . . . when the jury did not add interest in its verdict?"

While defendant offered evidence in conflict therewith, there was ample evidence to identify the timber in controversy and to support the jury's affirmative answer to the first issue.

This is not an action to reform the timber deed on the ground of mutual mistake. The timber in controversy was on the Duke Power Company's land, not on defendant's land. Plaintiff does not challenge the validity of the timber deed or attack any of its provisions. Nor does he undertake, by parol evidence, to alter the description therein. All agree that the timber on the 176.1-acre tract was included in the sale by defendant to plaintiff.

In *Lumber Co. v. Boushall,* 168 N.C. 501, 84 S.E. 800, under similar circumstances, it was held that, on account of their mutual mistake, "the agreement or attempted agreement should be set aside and the parties placed *in statu quo.*" It was held that plaintiff was entitled to recover from defendant the amount of the *down payment* it had made for the timber; and that defendant was entitled, as an offset, "to the value of the timber as it stood on the ground," that is, timber cut and removed by plaintiff from land admittedly owned by defendant. There, the plaintiff had cut and removed only a part of the timber on the land admittedly owned by the defendant and had been forbidden and prevented altogether from cutting the timber on land of the adjoining owner which, through mutual mistake, was included in defendant's sale to plaintiff.

Here, the remedy of rescission was not available to plaintiff. The parties could not be placed *in statu quo.* All of the timber on the 176.1-acre tract and on the adjoining land of Duke Power Company had been cut and removed by Rocky River Lumber Company. The rights of plaintiff and defendant must be considered in relation to this fact.

Whether, upon the facts alleged by plaintiff, Duke Power Company could have recovered from defendant, is not presented. In this connection, see *McBryde v. Lumber Co.*, 246 N.C. 415, 98 S.E. 2d 663.

The fact that plaintiff paid $2,250.00 to the Rocky River Lumber Company to reimburse it for its payment of $2,250.00 to the Duke Power Company for the wrongful cutting and removal of its timber was relevant as to whether plaintiff suffered loss on account of his payment of $12,000.00 to defendant under mutual mistake. Plaintiff would not be entitled to recover from defendant *more* than the amount paid to satisfy the Rocky River Lumber Company and Duke Power Company.

The gist of plaintiff's action is that, when he traded with defendant, *both* understood that the timber in controversy was on defendant's 176.1-acre tract; that this timber, which defendant did not and could not convey to him, was a part of the timber for which plaintiff paid $12,000.00; and that, to the extent the $12,000.00 represented the purchase price for this timber, plaintiff received nothing therefor.

Plaintiff's action is to recover money paid by him and received by defendant under mutual mistake of fact, that is, an action for money had and received. *Johnson, J.*, in *Allgood v. Trust Co.*, 242 N.C. 506, 512, 88 S.E. 2d 825, states the legal principles applicable to such action as follows: "Recovery is allowed upon the equitable principle that a person should not be permitted to enrich himself unjustly at the expense of another. Therefore, the crucial question in an action of this kind is, to which party does the money, in equity and good conscience, belong? The right of recovery does not presuppose a wrong by the person who received the money, and the presence of actual fraud is not essential to the right of recovery. The test is not whether the defendant acquired the money honestly and in good faith, but rather, has he the right to retain it. In short, 'the gist of this kind of action is, that the defendant, upon the circumstances of the case, is obliged by the test of natural justice and equity to refund the money.' *Moses v. MacFerlan*, 2 Burrow 1005, 97 Eng. Reprints 676."

In *Simms v. Vick*, 151 N.C. 78, 65 S.E. 621, the plaintiff, having forgotten a prior payment, overpaid, through mistake of fact, his note to defendant. It was held that he was entitled to recover the amount of his overpayment notwithstanding the means of ascertaining what he had previously paid were available to him. The opinion of *Manning, J.*, based on precedents cited, states: "A voluntary pay-

ment, with a knowledge of all the facts, cannot be recovered back, although there was no debt. But a payment under a mistake of fact may be."

In *Queen v. Sisk*, 238 N.C. 389, 78 S.E. 2d 152, the action was to recover the excess amount paid for land purchased on a per-acre basis. Plaintiffs alleged they purchased 23.1 acres (of a tract of 45.24 acres) at a stipulated price per acre; that defendant's deed to plaintiffs, after a description by metes and bounds, referred to the land conveyed as containing 23.1 acres; that plaintiffs paid defendant on a per-acre basis for 23.1 acres; and that it was discovered thereafter that the land described in and conveyed by said deed, due to an error in calculation, actually contained only 13.7 acres. The ruling of the court below, which sustained defendant's demurrer to complaint, was reversed by this Court. The basis of decision, as stated by *Barnhill, J.* (later C.J.), was as follows: "Where the purchase and sale is upon an acreage basis and the purchaser sues to recover on account of an alleged deficiency in the acreage and a consequent overpayment, he is not required to allege or prove fraud. The action to recover the excess payment is an action in *assumpsit* for money had and received to the use of the plaintiff, under the doctrine of unjust enrichment. *(Citations)"*

Whatever plaintiff's rights, if any, if the mistake were that of plaintiff alone, we are of opinion, and so hold, that when, as established by the verdict, defendant as well as plaintiff acted in the mistaken belief that the timber in controversy was on the 176.1-acre tract, plaintiff, in equity and good conscience, is entitled to recover the portion of the $12,000.00 purchase price represented by the timber he paid for but did not get. This was determinable, as of the date of purchase, by the relation of the reasonable market value of the timber in controversy to the reasonable market value of all the timber included in defendant's sale to plaintiff. The court, in substance, so charged the jury. Plaintiff offered evidence tending to show that the timber in controversy represented one-fifth in value of all timber included in defendant's sale to plaintiff. However, he was not entitled in any event to recover more than $2,250.00.

Defendant's contention is that plaintiff had ample opportunity to ascertain the exact boundaries of the 176.1-acre tract and the timber standing thereon; and that, having failed to avail himself of such opportunity, he is precluded by the doctrine of *caveat emptor*. The doctrine of *caveat emptor* is not applicable here. Cases cited by appellant relate to different factual situations. If, as established by the verdict, defendant, through his agent, specifically pointed out the

timber in controversy as included in the sale, and both plaintiff and defendant so understood when plaintiff paid $12,000.00 to defendant, equity and good conscience will not permit defendant to say that *plaintiff* should have discovered *their* error, induced by the erroneous representations of defendant's agent, and retain money received by him, without consideration, under their mutual mistake.

The determinative issue, whether defendant's agent specifically pointed out the timber in controversy as being on the 176.1-acre tract and included in the sale, was, upon conflicting evidence, resolved in plaintiff's favor. The evidence tends to show that, when plaintiff and defendant's agent went upon the land, they had with them the I. B. Faires plat. This circumstance was fully considered, under appropriate instructions, in relation to the first issue.

True, there was evidence tending to show that plaintiff took the plat, or defendant's option to purchase the tract of land shown thereon, or both, to his own attorneys. But the plat and option simply provided a description of the 176.1-acre tract for use in drafting the timber deed. Nothing therein indicated whether the timber in controversy was in fact on the 176.1-acre tract.

Under the circumstances disclosed, plaintiff was not estopped to show that the timber in controversy was included in the purchase price of $12,000.00 by mutual mistake nor did the evidence warrant the submission of an issue as to estoppel.

Appellant cites no authority in support of his contention that the court erred in rendering judgment for $2,250.00 *with interest from July 29, 1957.* Relevant to his general contention to this effect, it is noted that an action to recover for money had and received, under the doctrine of unjust enrichment, is an action on implied contract. Decisions in other jurisdictions differ as to whether, and if so as of what date, interest is allowable in such action. See 58 C.J.S., Money Received § 33(b), where the author states that "the better view seems to be that whether interest shall be recovered must depend on the justice and equity of the case."

Without undertaking presently to adopt a rule of general application, we think the allowance of interest from July 29, 1957, the date plaintiff paid $2,250.00 to Rocky River Lumber Company, was proper under the circumstances of this case. The only reasonable conclusion to be drawn from the testimony of both plaintiff and defendant is that prior to July 29, 1957, defendant was fully advised that demand had been made on plaintiff for the $2,250.00 and that plaintiff was insisting that defendant provide the $2,250.00 to meet such demand.

While each assignment of error has been carefully considered, further discussion of particular assignments would serve no useful purpose. Suffice to say, none discloses prejudicial error.

No error.