HOUSECALLS HOME HEALTH CARE, INC., HOUSECALLS HEALTHCARE GROUP, INC., AND TERRY WARD, INDIVIDUALLY, PLAINTIFFS v. STATE OF NORTH CAROLINA, DEPARTMENT OF HEALTH AND HUMAN SERVICES, AND DEMPSEY BENTON, INDIVIDUALLY AND AS SECRETARY, DEFENDANTS

No. COA08-1322

(Filed 15 September 2009)

1. **Statutes of Limitation and Repose— contract and tort claims—Medicaid payments withheld**

   The trial court correctly granted summary judgment for the State based on the statute of limitations on contract and tort claims arising from the withholding of payments from the State to plaintiff for medical care given to Medicaid patients.

2. **Statutes of Limitation and Repose— § 1983 accrual—federal question**

   The question of when a 42 U.S.C. § 1983 claim accrues is a question of federal law.

3. **Civil Rights— § 1983—Medicaid payments withheld— statute of limitations—accrual of claim**

   Summary judgment for defendant based on the statute of limitations on a 42 U.S.C. § 1983 claim arising from Medicaid payments claims was reversed. There was a genuine issue of ma-

terial fact as to when plaintiffs knew or reasonably should have known that the investigation into the Medicaid payments was closed.

Judge GEER concurring.

Appeal by plaintiffs from order entered 30 June 2008 by Judge A. Leon Stanback, Jr. in Wake County Superior Court. Heard in the Court of Appeals 9 April 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Richard J. Votta, for the State.*

*Thomas B. Kobrin for plaintiff-appellants.*

BRYANT, Judge.

Plaintiffs Housecalls Home Health Care, Inc. (Housecalls), Housecalls Healthcare Group, Inc., and Terry Ward appeal from an order entered 30 June 2008 which granted defendants' motion for summary judgment and dismissed with prejudice each of plaintiffs' causes of action. For the reasons stated herein, we affirm in part, reverse in part and remand the order of the trial court.

Plaintiffs Housecalls and Housecalls Healthcare Group, Inc. are North Carolina corporations with a principal place of business in Greensboro, North Carolina. Both corporations are owned by plaintiff Terry Ward.

Housecalls entered into a participation agreement with defendant North Carolina Department of Health and Human Services (NCD-HHS) in which NCDHHS was to pay Housecalls for medical care rendered to Medicaid patients. In a letter dated 7 April 1997, the Program Integrity Section of the Division of Medical Assistance of NCDHHS notified Housecalls that it was withholding Medicaid payments pursuant to 42 C.F.R. § 455.23[1], entitled "[w]ithholding of payments in cases of fraud or willful misrepresentation."

---

1. 42 C.F.R. § 455.23—Withholding of payments in cases of fraud or willful misrepresentation. (a) Basis for withholding. The State Medicaid agency may withhold Medicaid payments, in whole or in part, to a provider upon receipt of reliable evidence that the circumstances giving rise to the need for a withholding of payments involve fraud or willful misrepresentation under the Medicaid program. The State Medicaid agency may withhold payments without first notifying the provider of its intention to withhold such payments. A provider may request, and must be granted, administrative review where State law so requires.

HOUSECALLS HOME HEALTH CARE, INC. v. STATE

[200 N.C. App. 66 (2009)]

The Medicaid Investigation Unit of the North Carolina Attorney General's Office (NCAGO) conducted an investigation of Home Health Care, Inc., which was forwarded on to the United States Attorney's office for review. In addition, the NCDHHS conducted its own investigation. As a result of the investigation, and pursuant to state and federal regulations, payments for Medicaid services provided by Housecalls were withheld. Equipment and records of Housecalls were seized pursuant to search warrants obtained by NCAGO.

Housecalls filed an action in OAH—the Office of Administrative Hearings—to contest the withholding of Medicaid payments. A temporary restraining order was entered in an attempt to enjoin NCDHHS from withholding medicaid payments; however, on 13 July 1998, after Housecalls filed a motion to show cause why NCDHHS should not be held in contempt for failure to obey the restraining order, a Randolph County Superior Court judge determined that the administrative order had expired by its own terms and that, moreover, the respondent State agency was not subject to contempt proceedings. The suit filed by Housecalls in OAH was later dismissed for failure to prosecute and upon request by plaintiff, for having exhausted its administrative remedies.

In a letter dated 13 January 2004, Christopher Brewer, then Director of the Medicaid Investigations Unit of the NCAGO, received an inquiry from Housecalls about the status of the investigation and the funds. Brewer responded by letter dated 3 February 2004 and addressed to plaintiffs' legal counsel, J. Sam Johnson, Jr., which stated that the investigation had been closed and the withheld funds disbursed to federal, state, and county resources in partial recoupment of the overpayments found during the investigation.

On 17 August 2006, plaintiffs filed a civil action against defendants in the United States District Court for the Middle District of North Carolina. Plaintiffs brought causes of action for breach of contract, violation of the United States Constitution, and violation of the North Carolina Constitution, violation of 42 U.S.C. § 1983; sought declaratory relief to clarify the parties' legal rights; and sought injunctive relief to obtain the release of withheld payments and other related compensatory damages. Federal Magistrate Judge Russell A. Eliason recommended that plaintiffs' claims be dismissed with the exception of claims (1) seeking prospective declaratory relief concerning whether 42 C.F.R. § 455.23 requires a continuing active inves-

tigation or the filing of legal proceedings in order to justify the continued withholding of funds and whether there is such an investigation concerning Housecalls, and (2) seeking an injunction ordering the return of seized property. On 23 July 2007, the United States District Court entered an order consistent with the magistrate judge's recommendation.

On 28 September 2007, plaintiffs filed suit against defendants alleging breach of contract, violation of the United States Constitution, violation of the North Carolina Constitution, entitlement to legal and injunctive relief pursuant to 42 U.S.C. § 1983, conversion, and unjust enrichment. Defendants answered and on 12 June 2008 filed a motion for summary judgment asserting plaintiffs' claims were barred by the three-year statute of limitations contained in N.C. Gen. Stat. § 1-52 and all other applicable limitations periods and laches. On 5 November 2007, plaintiffs filed an affidavit by former legal counsel, J. Sam Johnson, Jr., in which Johnson avers that he did not receive a letter from Christopher Brewer about the status of the investigation and the funds. On 30 June 2008, a Wake County Superior Court judge determined that plaintiffs' claims were barred by applicable statutes of limitations and ordered that defendants' motion for summary judgment be granted and that each of the plaintiffs' causes of action be dismissed with prejudice. Plaintiffs appeal.

On appeal, plaintiffs raise the following question: Did the trial court commit reversible error in granting defendants' motion for summary judgment on the basis of a violation of the statute of limitations.

### Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56 (c) (2007). "Further, the evidence presented by the parties must be viewed in the light most favorable to the non-movant. Where a claim is barred by the running of the applicable statute of limitations, summary judgment is appropriate." *Webb v. Hardy*, 182 N.C. App. 324, 326, 641 S.E.2d 754, 756, *disc. review denied*, 361 N.C. 704, 653 S.E.2d 879 (2007) (internal citations omitted). On appeal, the standard of review for summary judgment is de novo. *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007).

## Discussion

[1] Plaintiffs argue the trial court committed reversible error in granting defendants' motion for summary judgment because there exist genuine issues of material fact as to whether their claims are barred by the statute of limitations. Specifically, plaintiffs contend that the statute of limitations to recover wrongly forfeited assets is six years and that in this case the statute of limitations began to run when defendants answered plaintiffs' complaint and notified plaintiffs that the withheld Medicaid payments had been forfeited. We agree in part.

Although plaintiffs contend that a six-year statute of limitations should apply, they rely solely on *United States v. Minor*, 228 F.3d 352 (4th Cir. 2000). In *Minor*, the Fourth Circuit held that 28 U.S.C. § 2401(a)'s six-year statute of limitations applied with respect to Minor's claim for wrongful forfeiture of currency by the United States government. *Id.* at 359-60. "[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401 (2007). Since this lawsuit does not involve claims against the United States government, plaintiffs have no basis for contending that 28 U.S.C. § 2401 and *Minor* apply.

Under our General Statutes, the statute of limitations for bringing a cause of action for breach of contract, conversion, or unjust enrichment is three years. N.C. Gen. Stat. § 1-52(1), (4) (2007); *see Dean v. Mattox*, 250 N.C. 246, 251, 108 S.E.2d 541, 546 (1959) ("an action to recover for money had and received, under the doctrine of unjust enrichment, is an action on implied contract"). Further, the three year statute of limitations as set forth in N.C.G.S. § 1-52 applies to due process actions brought in the North Carolina court system under 42 U.S.C. § 1983. *Faulkenbury v. Teachers' & State Employees' Retirement System*, 108 N.C. App. 357, 367, 424 S.E.2d 420, 424, *affirmed*, 335 N.C. 158, 436 S.E.2d 821 (1993).

For state contract and tort claims, "the period of the statute of limitations begins to run when the plaintiff's right to maintain an action for the wrong alleged accrues. The cause of action accrues when the wrong is complete, even though the injured party did not then know the wrong had been committed." *Shepard v. Ocwen Fed. Bank, FSB*, 172 N.C. App. 475, 478, 617 S.E.2d 61, 63 (2005) (internal quotation marks and citation omitted), *affirmed*, 361 N.C. 137, 638 S.E.2d 197 (2006). "Once the statute [of limitations] is pleaded, the

burden is on the plaintiff to show that the action was brought within the applicable period." *Silver v. N.C. Bd. of Transp.*, 47 N.C. App. 261, 266, 267 S.E.2d 49, 54 (1980) (citation omitted).

Here, in a letter dated 7 April 1997, the Program Integrity Section of the Division of Medical Assistance notified Housecalls that it was withholding Medicaid payments pursuant to 42 C.F.R. § 455.23:

> [42 C.F.R.] § 455.23 Withholding of payments in cases of fraud or willful misrepresentation.
>
> (a) Basis for withholding. The State Medicaid agency may withhold Medicaid payments, in whole or in part, to a provider upon receipt of reliable evidence that the circumstances giving rise to the need for a withholding of payments involve fraud or willful misrepresentation under the Medicaid program.
>
> . . .
>
> (c) Duration of withholding. All withholding of payment actions under this section will be temporary and will not continue after:
>
> (1) The agency or the prosecuting authorities determine that there is insufficient evidence of fraud or willful misrepresentation by the provider; or
>
> (2) Legal proceedings related to the provider's alleged fraud or willful misrepresentation are completed.

42 C.F.R. § 455.23 (2007).

While the record before this Court provides no exact date as to when the investigation of plaintiffs was complete, it is clear that, in response to plaintiffs' 13 January 2004 inquiry into the status of the investigation, a letter dated 3 February 2004 was sent to plaintiffs' counsel stating the investigation had been closed and the withheld funds disbursed to federal, state, and county resources in partial recoupment of the overpayments found during the investigation. Plaintiffs filed their complaint 23 September 2007, more than three years after the February 2004 communication. Thus, the state contract and tort claims were filed outside the statute of limitations and we affirm that portion of the trial court's order granting summary judgment in favor of defendants on those claims.

[2] We next consider plaintiffs' § 1983 claim. We note that our courts have not previously addressed whether state or federal law applies to

a determination of when a § 1983 cause of action accrues; however, the United States Court of Appeals for the Fourth Circuit has held that the determination of when a § 1983 cause of action accrues is a question of federal law.

> The selection of the appropriate statutory limitations period is only the first step in the analysis. There remains the question of when [the plaintiff]'s cause of action accrued. While the statutory limitations period for § 1983 actions is borrowed from state law, the time of accrual of a civil rights action is a question of federal law. Federal law holds that the time of accrual is when [the] plaintiff knows or has reason to know of the injury which is the basis of the action.

*Nat'l Adver. Co. v. Raleigh*, 947 F.2d 1158, 1162 (4th Cir. 1991) (internal citations, quotations, and brackets omitted); *see also Bd. of Regents v. Tomanio*, 446 U.S. 478, 484, 64 L. Ed. 2d 440, 447-48 (1980) (since Congress did not establish a statute of limitations or a body of tolling rules applicable to federal court actions brought under the Civil Rights Act of 1871, the analogous state statute of limitations and the coordinate tolling rules are binding rules of law in most cases; this "borrowing" of the state's statute of limitations includes rules of tolling unless they are "inconsistent" with federal law.). While we are not bound by decisions of the Fourth Circuit, we find the reasoning in National Advertising persuasive and believe the issue of when a § 1983 cause of action accrues is a question of federal law.

[3] In applying the federal rule that a cause of action accrues "when [a] plaintiff knows or has reason to know of the injury which is the basis of the action[,]" *Nat'l Adver. Co. v. Raleigh*, 947 F.2d at 1162, plaintiffs' cause of action accrued at the time they knew or had reason to know that the investigation had been closed and the withheld funds disbursed.

As previously discussed, plaintiffs filed their claim more than three years after the February 2004 communication. However, plaintiffs filed an affidavit stating in essence that they did not receive a letter regarding the status of the investigation and the funds. On these facts, we hold there exists a genuine issue of material fact as to when plaintiffs knew or reasonably should have known that the investigation was closed. Therefore, because factual questions exist as to when plaintiffs' § 1983 cause of action accrued, we reverse the trial court's order of summary judgment as relates to the § 1983 claim.

**HOUSECALLS HOME HEALTH CARE, INC. v. STATE**

[200 N.C. App. 66 (2009)]

AFFIRMED IN PART; REVERSED IN PART and REMANDED.

Judge STEPHENS concurs.

Judge GEER concurs in a separate opinion.

GEER, Judge, concurring.

I concur fully in the majority opinion. I write separately simply to make some additional points with respect to the application of the pertinent statutes of limitation to plaintiffs' claims. These observations provide additional support for the conclusions reached by the majority opinion.

With respect to the state law claims, plaintiffs assert that they "did not have reasonable knowledge that the funds and assets had been formally forfeited until September 5, 2007." Although this argument presumes that a discovery rule applies, plaintiffs cite no authority in support of this assumption. The only statutory provision that could arguably apply is the "discovery rule" set out in N.C. Gen. Stat. § 1-52(16) (2007). That provision, however, only governs causes of action "for personal injury or physical damage to claimant's property." *Id.* Since plaintiffs' claims involve only pecuniary losses or the failure to return property, N.C. Gen. Stat. § 1-52(16) cannot apply. *See White v. Consol. Planning, Inc.*, 166 N.C. App. 283, 310, 603 S.E.2d 147, 165 (2004) (holding that N.C. Gen. Stat. § 1-52(16) did not apply with respect to claim that defendant converted plaintiff's funds because he did not physically damage plaintiff's property), *disc. review denied*, 359 N.C. 286, 610 S.E.2d 717 (2005). Consequently, the date that plaintiffs obtained knowledge that the funds and assets had been forfeited is immaterial.

With respect to plaintiffs' § 1983 claim, we cannot disregard plaintiffs' federal action filed on 17 August 2006. The federal complaint was essentially identical to this action, but added a claim for declaratory relief. Although on 23 July 2007, the federal court dismissed on various grounds almost all of plaintiffs' claims, the court denied defendants' motion to dismiss plaintiffs' § 1983 claim "seeking an injunction ordering the return of seized property." As a result, plaintiffs' § 1983 claim for an injunction requiring the return of the property that defendants had seized remained pending in federal court at the time plaintiffs filed this action, asserting an identical claim under § 1983 that seeks, in part, the return of the seized property.

Defendants have not argued that the § 1983 claim filed in federal court was untimely. This Court has held that "filing an action in federal court which is based on state substantive law does toll the statute of limitations while that action is pending." *Clark v. Velsicol Chem. Corp.*, 110 N.C. App. 803, 808, 431 S.E.2d 227, 229 (1993), *aff'd per curiam*, 336 N.C. 599, 444 S.E.2d 223 (1994). The reasoning in *Clark* should apply equally to a federal cause of action filed in federal court. Accordingly, the statute of limitations on plaintiffs' § 1983 action for injunctive relief regarding the seized property was tolled by the filing of the federal action. Because that action was still pending as to that claim at the time the state action was filed, plaintiffs' § 1983 claim for injunctive relief cannot be barred by the statute of limitations, at least based on the current record. I would for that additional reason reverse the trial court's order granting summary judgment as to plaintiffs' § 1983 claim.