**HOUSECALLS HOME HEALTH CARE, INC. v. STATE**

[225 N.C. App. 306 (2013)]

HOUSECALLS HOME HEALTH CARE, INC., HOUSECALLS HEALTHCARE GROUP, INC., AND TERRY WARD, INDIVIDUALLY, PLAINTIFFS
v.
STATE OF NORTH CAROLINA, DEPARTMENT OF HEALTH AND HUMAN SERVICES, AND LANIER M. CAMSLER,[1] INDIVIDUALLY AND AS SECRETARY, DEFENDANTS

NO. COA12-839

Filed 5 February 2013

1. **Appeal and Error—interlocutory orders—substantial right—risk of inconsistent verdicts**

    The Court of Appeals elected to address defendants' appeal from an interlocutory order in a Medicaid fraud investigation case so that this protracted action could move toward a final resolution despite defendants' failure to explain the risk of inconsistent verdicts in its statement of grounds for appellate review since such a risk was plainly presented in this case.

2. **Collateral Estoppel and Res Judicata—res judicata—due process requirements—Medicaid fraud investigation**

    The trial court committed reversible error in a Medicaid fraud investigation case by denying defendants' motion for summary judgment with respect to the legal theory of *res judicata* based on outcomes in the previous litigation between the parties in the federal district and state superior courts. Plaintiffs' desire to be heard in keeping with due process requirements was a material and relevant matter within the scope of the pleadings which in the exercise of reasonable diligence could and should have been brought forward in the prior litigation.

    Appeal by Defendants from order entered 5 April 2011 by Judge Abraham Penn Jones in Wake County Superior Court. Heard in the Court of Appeals 12 December 2012.

    *Thomas B. Kobrin for Plaintiffs.*

    *Attorney General Roy Cooper, by Assistant Attorney General Richard J. Votta, for Defendants.*

STEPHENS, Judge.

---

1. Per this Court's custom, the parties are listed in the caption of this opinion as they appear in the order from which this appeal was taken. We take judicial notice that Defendant Cansler left his position as Secretary of DHHS in February 2012, after entry of

**HOUSECALLS HOME HEALTH CARE, INC. v. STATE**

[225 N.C. App. 306 (2013)]

*Procedural History and Factual Background*

This case arises from a Medicaid fraud investigation of Plaintiffs Housecalls Home Health Care, Inc., Housecalls Healthcare Group, Inc., and Terry Ward (collectively, "Housecalls") by Defendant North Carolina Department of Health and Human Services ("DHHS"). Housecalls Home Health Care, Inc. and Housecalls Healthcare Group, Inc., are North Carolina corporations which received a Certificate of Need from DHHS in 1985 to provide home healthcare services to Medicaid patients in North Carolina. Ward owns a 100 percent interest in the common stock of each corporation.

There has been an administrative hearing and at least two prior civil actions between these parties and, because they bear directly on our resolution of the appeal in this matter, we include the procedural history of those matters in an attempt to bring clarity to this saga.[2] While the procedural history of the dispute between these parties has been long and complex, our resolution of the appeal here is straightforward and brief.

*The 1997 Investigation and Resulting Administrative Hearing*

In early 1997, DHHS attempted to revoke the license and certification of Housecalls Home Health Care, but that corporation passed the review procedures and maintained its license and certification. In April 1997, on or about the same day that Housecalls Home Health Care passed its review, DHHS informed Housecalls that Medicaid reimbursements would be temporarily withheld due to reliable evidence of fraud, an action authorized by 42 C.F.R. § 455.23(a) (2010).[3] In addition, the Medicaid Investigation Unit ("MIU") of the North Carolina Attorney General's Office seized virtually all of Housecalls' equipment and medical records. In response, Housecalls filed an

the order appealed from here. Housecalls subsequently replaced "LANIER M. CANSLER, Individually and as Secretary" with "ALBERT DELIA, Acting Secretary, in his Official Capacity" in the caption of its brief to this Court and the record on appeal.

2. We note that the composition of the record on appeal in this case can be fairly described as haphazard and left much to be desired as a helpful guide to this Court.

3. Section 455.23 provides: "Withholding of payments in cases of fraud or willful misrepresentation. (a) Basis for withholding. The State Medicaid agency may withhold Medicaid payments, in whole or in part, to a provider upon receipt of reliable evidence that the circumstances giving rise to the need for a withholding of payments involve fraud or willful misrepresentation under the Medicaid program. The State Medicaid agency may withhold payments without first notifying the provider of its intention to withhold such payments. A provider may request, and must be granted, administrative review where State law so requires." 42 C.F.R. § 455.23.

action in the Office of Administrative Hearings ("OAH") which was eventually dismissed in July 1998 for failure to prosecute and because Housecalls had failed to exhaust its administrative remedies.[4]

From the record on appeal, it appears that neither DHHS, the MIU, nor any other state or federal government entity ever brought administrative, civil, or criminal charges against Housecalls for the alleged Medicaid fraud which led to the reimbursement withholding or property seizure. However, it also appears that the withheld reimbursements and seized property were never released or returned to Housecalls. As a result, Housecalls went out of business. The record suggests that Housecalls had no contact with Defendants for the next five and one-half years.

In January 2004, Housecalls sent a letter to the MIU seeking information about the status of the DHHS investigation, the withheld reimbursements, and the seized property. Defendants assert that, in a February 2004 response by letter, the MIU stated that the investigation had been closed and the withheld funds disbursed to federal, state, and county governments in partial recoupment of the overpayments found as a result of the investigation. However, Housecalls denies ever having received such a letter. In any event, Housecalls took no further action regarding the withheld funds or property for some two and one-half years.

### The Federal District Court Case

In August 2006, Housecalls filed a civil action in the United States District Court for the Middle District of North Carolina against Defendants[5] seeking: (1) a declaration that reimbursement funds cannot be withheld in the absence of an active fraud investigation, (2) monetary damages for breach of contract, (3) compensation for denial of due process under the United States and North Carolina constitutions and under 42 U.S.C. § 1983, and (4) an injunction requiring Defendants to release all reimbursement funds withheld and property seized. On 5 April 2007, Federal Magistrate Russell A. Eliason issued an opinion, which the federal district court adopted by order filed 23 July 2007. *See Housecalls Home Healthcare, Inc. v.*

---

4. No pleadings or other materials from the OAH proceedings appear in the record before us, but the hearing and its outcome are referred to in documents filed or produced in the later court actions, as well as in the 2009 opinion from this Court, *infra.*

5. That action also named additional State and Federal defendants not parties to this case, including the United States Department of Health and Human Services, the North Carolina Department of State Treasurer, and individuals connected to those agencies.

**HOUSECALLS HOME HEALTH CARE, INC. v. STATE**

[225 N.C. App. 306 (2013)]

*United States HHS*, 515 F. Supp. 2d 616 (M.D.N.C. 2007). Relevant to this appeal, as to Housecalls' claims seeking release of withheld funds, the federal court held this relief would constitute monetary damages, a remedy not permitted against governmental entities or officers under section 1983. *Id.* at 628-30. Accordingly, these claims were dismissed. *Id.* at 618.[6]

## *The First State Court Case*

On 28 September 2007, Housecalls filed a civil action against Defendants in the superior court of Guilford County (file no. 2007 CVS 10646) alleging (1) breach of contract, (2) violation of the constitutions of the United States and of North Carolina, (3) entitlement to legal and injunctive relief pursuant to section 1983, (4) conversion, and (5) unjust enrichment. All of the relief sought by Housecalls was monetary, with the sole exception of a request for release of its seized property.[7] No pre-appeal documents in that matter beyond Housecalls' complaint appear in the record before us, but the opinion later issued by this Court on appeal in that matter, *Housecalls Home Health Care, Inc. v. State of North Carolina*, 200 N.C. App. 66, 682 S.E.2d 741 (2009), *disc. review denied*, 363 N.C. 802, 690 S.E.2d 697 (2010), provides the following details: Defendants moved for summary judgment asserting, *inter alia*, statutes of limitation. *Id.* at 69, 682 S.E.2d at 743. In support of this motion, Defendants alleged their February 2004 response by letter to Housecalls' inquiry about the status of the Medicaid fraud investigation. *Id.* On 30 June 2008, the trial court held that Housecalls' claims were barred by applicable statutes of limitation and granted Defendants' motion for summary judgment. *Id.* at 69, 682 S.E.2d at 743-44. Housecalls appealed. *Id.* at 69, 682 S.E.2d at 744.

On appeal, this Court affirmed summary judgment for Defendants as to Housecalls' state tort and contract claims. *Id.* at 71, 682 S.E.2d at 745. However, we reversed and remanded as to Housecalls' section 1983 claims:

> As previously discussed, [Housecalls] filed their claim
> more than three years after the February 2004 communi-

---

6. As for Housecalls' additional section 1983 claims, the federal court held that the claims seeking (1) a declaration that there existed no ongoing investigation of *Housecalls* and (2) return of seized property *could* go forward in federal court. *Id.* However, the record on appeal does not include any indication of whether those claims ever went to trial.

7. At some point the case apparently was moved to the superior court in Wake County under the file no. 08 CVS 3853, but no explanatory documents appear in the record.

cation. However, [House- calls] filed an affidavit stating in essence that they did not receive a letter regarding the status of the investigation and the funds. On these facts, we hold there exists a genuine issue of material fact as to when [Housecalls] knew or reasonably should have known that the investigation was closed. Therefore, because factual questions exist as to when [Housecalls'] § 1983 cause of action accrued, we reverse the trial court's order of summary judgment as relates to the § 1983 claim.

*Id.* at 72, 682 S.E.2d at 745-46.

On remand, Defendants filed a notice of hearing on 10 March 2010 on motions to dismiss Housecalls' section 1983 claims under Rule of Civil Procedure 12(b)(1), (2), and (6) based on three grounds: (1) as to claims against DHHS and its secretary in his official capacity, Defendants asserted sovereign immunity; (2) as to claims against the Secretary in his individual capacity, Defendants asserted sovereign and qualified immunity; and (3) as to DHHS and the Secretary in his individual and official capacities, Defendants asserted that the allegations in Housecalls' complaint were solely conclusory in nature. The notice of hearing also references a motion for summary judgment on Housecalls' section 1983 claims based on two grounds: (1) as to claims seeking damages or return of withheld funds, Defendants asserted *res judicata* and collateral estoppel and (2) as to claims seeking return of seized property, Defendants asserted mootness, claiming that all seized property had already been returned. Following a hearing on Defendants' motions, the trial court entered an order on 18 May 2010 which granted Defendants' motions to dismiss except as to Housecalls' claim requesting the return of any physical property and equipment allegedly retained by Defendants. On 17 December 2010, Housecalls filed a notice of voluntary dismissal without prejudice as to this remaining claim. In sum, in the first state court case, Housecalls again sought monetary damages and/or the return of withheld funds and those claims were resolved against Housecalls.

### The Second State Court Case

The matter under review in this appeal originated with Housecalls' 7 September 2010 filing of an action in the superior court in Guilford County (file no. 2010 CVS 9734) seeking an injunction to compel Defendants to (1) show whether the Medicaid fraud investigation of Housecalls is ongoing or has ended; (2) hold a hearing to

determine whether Defendants owe any monies to Housecalls or whether Housecalls owes any monies to Defendants; (3) determine the amount of any money owed to Housecalls by Defendants; (4) determine the amount of any money owed to Defendants by Housecalls; (5) release to Housecalls any monies owed; and (6) provide Housecalls due process, including the right to be heard. On 9 November 2010, Defendants filed an answer, including various affirmative defenses, counterclaims, and motions for change of venue[8] and dismissal. On 10 January 2011, Housecalls filed a reply and also moved to dismiss Defendants' counterclaims. On 28 February 2011, Defendants filed motions for a protective order and a qualified protective order. On 21 March 2011, Housecalls moved to compel full responses to its first set of discovery.

The motions came on for hearing at the 16 May 2011 session of superior court in Wake County. By order entered 5 April 2012, the trial court (1) granted Housecalls' motion to compel; (2) denied Defendants' motions for summary judgment based on the statute of limitations, *res judicata,* and collateral estoppel; (3) granted a motion to dismiss as to the Defendant Secretary of DHHS in his individual capacity; (4) denied Defendants' motions to dismiss based, *inter alia,* upon sovereign immunity; (5) granted Defendants' motion for a qualified protective order regarding materials covered by the Health Insurance Portability and Accountability Act ("HIPPA") and related state statutes;[9] (6) denied Defendants' other motions for protective orders; and (7) denied all motions for sanctions and costs. From that order, Defendants bring this interlocutory appeal.

### Discussion

On appeal, Defendants argue that the trial court erred in (1) denying Defendant's motion for summary judgment based on *res judicata* and collateral estoppel, (2) denying Defendants' motions to dismiss based on sovereign immunity defenses, and (3) denying Defendants' motion for protective order regarding the disclosure and use of cer-

8. Although no explanatory filings appear in the record before this Court, Plaintiff's First Set of Discovery, served by mail on 3 December 2010, is the last document in the record filed in the superior court in Guilford County and bearing the file number 2010 CVS 9734. Beginning with Defendants' "Responses to Plaintiffs['] First Set of Discovery," dated 25 February 2011, all filings are in the superior court in Wake County and bear the file number 11 CVS 2696. This Court is left to assume that Defendants' motion for change of venue was allowed.

9. The qualified HIPPA protective order was entered separately by the trial court on 10 April 2012.

tain criminal investigation records subject to statutory protections. Because we conclude that the relief sought by Housecalls in this case is barred by *res judicata,* we reverse and remand to the trial court for dismissal of all claims.

### Grounds for Appellate Review

**[1]** Defendants' statement of the grounds for appellate review acknowledges that this appeal is interlocutory, but asserts that each of the rulings from which they purport to appeal affect a substantial right and are thus subject to immediate review. While Defendants cite authorities for this assertion, they offer no analysis or argument. Relevant to the basis on which we decide the issues raised in this appeal, "the denial of a motion for summary judgment based upon the defense of *res judicata may* involve a substantial right so as to permit immediate appeal *only where a possibility of inconsistent verdicts exists if the case proceeds to trial." Heritage Operating, L.P. v. N.C. Propane Exch.,* LLC, ___ N.C. App. ___, ___, 727 S.E.2d 311, 314 (2012) (citations and quotation marks omitted) (emphasis added).

> To demonstrate that a second trial will affect a substantial right, [the appellant] must show not only that one claim has been finally determined and others remain which have not yet been determined, but that (1) the same factual issues would be present in both trials *and* (2) the possibility of inconsistent verdicts on those issues exists[.]

*Id.* at ___, 727 S.E.2d at 314-15 (citations and quotation marks omitted) (emphasis in original).

We are mindful that

> [i]t is not the duty of this Court to construct arguments for or find support for [an] appellant's right to appeal from an interlocutory order; instead, the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.

*Jeffreys v. Raleigh Oaks Joint Venture,* 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994) (citation omitted). However, despite Defendants' failure to explain the risk of inconsistent verdicts in its statement of grounds for appellate review, such a risk is plainly presented

in this case. Accordingly, we elect to address Defendants' appeal so that this protracted action may move toward a final resolution.

### Res Judicata

[2] Defendants first argue the trial court committed reversible error in denying their motion for summary judgment with respect to the legal theory of *res judicata* based on outcomes in the previous litigation between the parties in the federal district and state superior courts. We agree.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A–1, Rule 56(c) (2011). On appeal, "[t]he standard of review for summary judgment is *de novo*." *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007). Further, whether the doctrine of *res judicata* operates to bar a cause of action is a question of law reviewed *de novo* on appeal. *Bluebird Corp. v. Aubin*, 188 N.C. App. 671, 679, 657 S.E.2d 55, 62, *disc. review denied*, 362 N.C. 679, 669 S.E.2d 741 (2008).

> Under the doctrine of *res judicata* or claim preclusion, a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies. The doctrine prevents the relitigation of all matters . . . that were or should have been adjudicated in the prior action.

*Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004) (citations and quotation marks omitted). Thus,

> *[r]es judicata* not only bars the relitigation of matters determined in the prior proceeding but also all material and relevant matters within the scope of the pleadings, which the parties, in the exercise of reasonable diligence could and should have brought forward. All of a party's damages resulting from a single wrong must be recovered in a single action. The purpose of the doctrine of *res judicata* is to protect litigants from the burden of relitigating previously decided matters and to promote judicial economy by preventing unnecessary litigation.

*Holly Farm Foods v. Kuykendall*, 114 N.C. App. 412, 416-17, 442 S.E.2d 94, 97 (1994) (citations and quotation marks omitted).

As discussed *supra*, the federal and first state court cases have already determined that Housecalls cannot recover the withheld funds or monetary damages from Defendants. Accordingly, Housecalls' second, third, fourth, and fifth requests for injunctive relief, all of which seek determination of monies allegedly owed by one party to the other and the release of any such funds, are plainly barred by *res judicata. See Whitacre P'ship*, 358 N.C. at 15, 591 S.E.2d at 880 (holding that "a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies").

Housecalls acknowledges that the claims in this case are based upon the same series of transactions as the previously litigated claims. However, they contend their claims here are not barred because previously Housecalls sought release of withheld funds based on the alleged wrongful withholding thereof, while they now seek a hearing (requests for injunctive relief 1 and 6) based on the alleged wrongful violation of their due process rights. We are not persuaded. The essence of all of Housecalls' claims against Defendants is the same: that Defendants wrongfully withheld funds from Housecalls and Housecalls wants the funds back. Indeed, at oral argument, Housecalls' counsel candidly admitted that Housecalls seeks a due process hearing in hopes that it would be a "back door" to eventually obtaining the withheld funds. We conclude that Housecalls' desire to be heard in keeping with due process requirements is a "material and relevant matter[] within the scope of the pleadings, which [Housecalls], in the exercise of reasonable diligence could and should have brought forward" in the prior litigation. *Holly Farm Foods*, 114 N.C. App. at 416, 442 S.E.2d at 97. Accordingly, we reverse the trial court's order and remand for dismissal of all claims. In light of our resolution of this issue, it is unnecessary to address Defendants' remaining issues on appeal.

REVERSED AND REMANDED.

Judges STEELMAN and McCULLOUGH concur.