An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1062

Filed 20 May 2026

Montgomery County, No. 24CVD000147-610

YOLANDA BISHOP, Plaintiff,

v.

ERIC LEDWELL, JAMES LEDWELL, JR. AND ALYCIA SHAW, Defendants.

Appeal by plaintiff from order entered 8 May 2025 by Judge T. Thai Vang in Montgomery County District Court. Heard in the Court of Appeals 21 April 2026.

*Foyles Law Firm, PLLC, by Jody Stuart Foyles, for plaintiff-appellant.*

*No brief filed for defendants-appellees.*

FLOOD, Judge.

Plaintiff Yolanda Bishop appeals the trial court's order dismissing all aspects of her complaint, which included claims for breach of contract, unjust enrichment, wrongful eviction, and abuse of process, as well as requests for restraining orders and a preliminary injunction. The trial court entered its dismissal order on two bases: first, that all claims were barred by a three-year statute of limitations, and second,

that Plaintiff lacked privity of contract with Defendants Eric Ledwell, James Ledwell, Jr., and Alycia Shaw.

Upon review, we affirm the dismissal of Plaintiff's claims for breach of contract and unjust enrichment, as well as her claims for wrongful eviction and abuse of process relating to events that occurred more than three years from the filing of the complaint; however, we reverse with respect to the portions of the wrongful eviction and abuse of process claims occurring within the three-year statute of limitations period, as the face of the complaint reveals neither an applicable statute of limitations nor any other barriers to recovery with respect to those claims. For similar reasons, the portions of Plaintiff's complaint seeking restraining orders and a preliminary injunction were also improperly dismissed, as neither mechanism was subject to a time bar or otherwise unavailable for reasons apparent from the face of the complaint.

## I. **Factual and Procedural Background**

This case arises from a lease-to-purchase agreement concerning real property in Biscoe, North Carolina, between Plaintiff and Defendants' now-deceased father, James Ledwell, Sr. Plaintiff's 28 May 2024 complaint alleged, in relevant part, that the decedent owned the property in question at the time of his death on 11 January 2013. Under the terms of the lease-to-purchase agreement, which was attached to the complaint as an exhibit, Plaintiff was to pay the decedent sums totaling $18,000.00 over the course of three years between 30 March 2010 and 30 March 2013, as well as monthly rent during that three-year period, at which point Plaintiff would be given

the deed to the home. The agreement specified that the "[t]enant[] agree[s] to a lease/purchase of this dwelling for a term of three (3) year[s] beginning no later than March 30, 2010, and ending March 30, 2013." According to the complaint, Plaintiff timely paid all monthly rent, as well $10,000.00 of the $18,000.00 owed apart from rent, and otherwise complied with all contractual provisions. The complaint further alleged the entire lease-to-purchase agreement was recorded with the Montgomery County Register of Deeds.

The decedent died in 2013 prior to the end date of the lease-to-purchase agreement, and Defendants inherited the property. Defendants rejected the final $8,000.00 payment. At the time the complaint was filed on 28 May 2024, Plaintiff continued to reside in the home, and she alleged that she had paid property taxes until 2023. According to Plaintiff, Defendants had initiated lawsuits to evict her in April 2012, January 2019, and May 2024, but each claim was dismissed.[1]

Plaintiff sought various forms of relief in the complaint, consisting of three broad categories. First, for the failure to deed her the property in 2013, Plaintiff brought claims for breach of contract and unjust enrichment, seeking monetary damages under both theories and specific performance under breach of contract.[2] Second, for Defendants' alleged interference with Plaintiff's use of the property

---

[1] The Record does not reflect the specific circumstances under which these lawsuits were dismissed or what the reasoning for the dismissals may have been.

[2] Notably, Plaintiff did not pursue any claims for unjust enrichment based on her alleged payment of property taxes through 2023.

through eviction proceedings brought in April 2012, January 2019, and May 2024, Plaintiff brought claims for wrongful eviction and abuse of process, seeking monetary damages under both theories. Third, and finally, in order to prevent further interference with her allegedly lawful use of the property, Plaintiff sought a restraining order and preliminary injunction.

Defendants moved to dismiss the action, and the trial court granted Defendants' motion. In the order granting Defendants' motion to dismiss, the trial court found as fact that "no actions were commenced to enforce the obligations of the lease purchase agreement until this action was commenced by Plaintiff on [28 May] 2024, some eleven [] years after the purchase price of $18,000[.00] was due on [30 March] 2013." It further found, *inter alia*, that Defendants, who had inherited the property, "did not have any privity of contract[3] with [] Plaintiff."

Plaintiff timely appealed.[4]

## II. **Jurisdiction**

This Court has jurisdiction to review a final judgment of a district court pursuant to N.C.G.S. § 7A-27(b)(2) (2023).

## III. **Standard of Review**

---

[3] "Privity has been defined as a derivative interest founded on, or growing out of, contract, connection, or bond of union between parties; mutuality of interest." *Lee Cycle Ctr., Inc. v. Wilson Cycle Ctr., Inc.*, 143 N.C. App. 1, 8–9 (citation modified), *aff'd*, 354 N.C. 565 (2001).

[4] Defendants also noticed appeal from a separate order; however, as Defendants have not filed any briefs before us, they have abandoned any arguments on appeal. *See* N.C. R. App. P. 28(a) (2025) ("Issues not presented and discussed in a party's brief are deemed abandoned.").

"We review de novo the grant of a motion to dismiss." *Davis v. Urquiza*, 233 N.C. App. 462, 463 (2014) (citation omitted). "A Rule 12(b)(6) motion [to dismiss] tests the legal sufficiency of the pleading." *Sterner v. Penn*, 159 N.C. App. 626, 628 (2003). "When determining whether a complaint is sufficient to withstand a Rule 12(b)(6) motion to dismiss, the trial court must discern whether[] . . . the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." *Carlisle v. Keith*, 169 N.C. App. 674, 681 (2005) (citations and internal marks omitted). "When considering a 12(b)(6) motion to dismiss, the trial court need only look to the face of the complaint to determine whether it reveals an insurmountable bar to plaintiff's recovery." *Locus v. Fayetteville State University,* 102 N.C. App. 522, 527 (1991) (emphasis omitted). "Dismissal of a complaint is proper under the provisions of Rule 12(b)(6) of the North Carolina Rules of Civil Procedure . . . when some fact disclosed in the complaint necessarily defeats the plaintiff's claim[,]" and the rule is "an appropriate method of determining whether the statutes of limitation bar plaintiff's claims if the bar is disclosed in the complaint." *Carlisle*, 169 N.C. App. at 681 (citations omitted).

## IV. <u>Analysis</u>

On appeal, Plaintiff argues only that the trial court erred in dismissing her claims for relief and requests for a restraining order and preliminary injunction. With respect to most of Plaintiff's claims, we disagree, as the trial court correctly held Plaintiff's entire claims for breach of contract and unjust enrichment, as well as

portions of the claims for wrongful eviction and abuse of process relating to events that occurred more than three years from the filing of Plaintiff's complaint, were untimely. Nonetheless, with respect to Plaintiff's claims for wrongful eviction and abuse of process relating to events that occurred within the applicable three-year limitations period and her requests for a restraining order and preliminary injunction, neither a time bar nor any other barrier to relief is apparent from the face of the complaint. Therefore, we affirm the trial court in part and reverse in part.

## A. Statute of Limitations

Most of Plaintiff's claims are barred by three-year statutes of limitations. As mentioned previously, Plaintiff's claims can be divided into three broad categories: breach of contract and unjust enrichment claims arising from Defendants' failure to convey the property in 2013; wrongful eviction and abuse of process claims arising from Defendants' attempts to evict her in 2012, 2019, and 2024; and prospective relief in the form of a restraining order and preliminary injunction. Of these, all claims arising prior to 28 May 2021 took place more than three years from the filing of Plaintiff's complaint on 28 May 2024.

Breach of contract, unjust enrichment, wrongful eviction, and abuse of process are all subject to three-year limitations periods. *See Housecalls Home Health Care, Inc. v. N.C. Dep't of Health & Hum. Servs.*, 200 N.C. App. 66, 70 (2009) ("Under our General Statutes, the statute of limitations for bringing a cause of action for breach of contract, conversion, or unjust enrichment is three years." (citations omitted));

N.C.G.S. § 1-52(2) (2023) (creating a three-year limitations period for "liability created by statute, either state or federal, unless some other time is mentioned in the statute creating it"); *Fox v. City of Greensboro*, 279 N.C. App. 301, 323 (2021) ("Abuse of process is an intentional tort, and the tort of abuse of process has a three-year limitations period." (citations omitted)). Thus, the entirety of Plaintiff's breach of contract and unjust enrichment claims, which arose out of Defendants' alleged failure to deed her the property in 2013, were time-barred, as well as the portions of the wrongful eviction and abuse of process claims arising out of eviction proceedings in 2012 and 2019.

## B. Privity Inapplicable

We further note that, of the remaining claims—wrongful eviction and abuse of process arising from the 2024 lawsuits and Plaintiff's requests for restraining orders and a preliminary injunction—no barrier to relief appears from the face of the complaint. In particular, privity of contract, one of the trial court's two stated bases for dismissal, is not required for Plaintiff to recover on theories of wrongful eviction or abuse of process because neither requires an underlying contractual relationship to establish a valid claim. *See* N.C.G.S. § 42-25.9(a) (2023) ("If any lessor, landlord, or agent[5] removes or attempts to remove a tenant from a dwelling unit in any manner contrary to this Article, the tenant shall be entitled to recover possession or

---

[5] We further note that a lessor, landlord, or agent can become obligated to a lessee whose lease was recorded without direct contractual privity with the lessee. *See generally* N.C.G.S. § 47-18 (2025).

to terminate his lease and the lessor, landlord or agent shall be liable to the tenant for damages caused by the tenant's removal or attempted removal."); *see also Seguro-Suarez v. Key Risk Ins. Co.*, 261 N.C. App. 200, 213 (2018) ("Two elements must be proved to find abuse of process: (1) that the defendant had an ulterior motive to achieve a collateral purpose not within the normal scope of the process used, and (2) that the defendant committed some act that is a malicious misuse or misapplication of that process . . . ." (internal quotation marks omitted)). Similarly, absence of contractual privity has no bearing on the issue of whether restraining orders or a preliminary injunction should issue.

Thus, in summary, the trial court correctly dismissed Plaintiff's claims for breach of contract and unjust enrichment, as well as those claims for wrongful eviction and abuse of process relating to incidents in 2012 and 2019, but it improperly dismissed the wrongful eviction and abuse of process claims arising from the 2024 incident, as well as Plaintiff's request for restraining orders and a preliminary injunction.

## V. <u>Conclusion</u>

We affirm the dismissal of Plaintiff's claims for breach of contract and unjust enrichment, as well as those claims for wrongful eviction and abuse of process relating to the alleged incidents in 2012 and 2019, as these claims are barred by three-year statutes of limitations; however, we reverse with respect to the wrongful eviction and abuse of process claims arising from the 2024 summary ejectment

proceeding, as well as Plaintiff's requests for restraining orders and a preliminary injunction. These claims and requests showed no apparent deficiency on the face of the complaint and should not have been dismissed. On remand, the trial court is instructed to proceed with the improperly dismissed claims and engage in appropriate factfinding with respect to the requests for restraining orders and a preliminary injunction.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

Judges ARROWOOD and HAMPSON concur.

Report per Rule 30(e).